KING, Chief Judge:
Petitioner Leslie Parnell Felder appeals from the district court’s dismissal of his 28 U.S.C. § 2254 petition, arguing that the court erred in concluding his petition was time-barred. He argues that his circumstances warrant equitable tolling. Those circumstances include (1) his incarceration before AEDPA’s effective date; (2) his litigating pro se; (3) his claiming that he is innocent of the crime for which he was convicted; and (4) his alleged unawareness of AEDPA’s requirements (as judicially interpreted) due to inadequacies of his prison’s library, which he claims made the law’s text inaccessible throughout his one-year grace period. Because we find these circumstances to be clearly insufficient to warrant equitable tolling, we affirm.
I. FACTS AND PROCEDURAL BACKGROUND
Having been initially charged with capital murder, Leslie Parnell Felder (“Felder”) was sentenced in December 1987 to life in prison after pleading guilty to aggravated robbery. Felder did not directly appeal his conviction and sentence. He subsequently filed applications for state habeas relief on January 11, 1993, January 13, 1995, and February 11, 1997. The first two applications were denied on the merits on March 31, 1993 and on April 10, 1996. The third was dismissed on April 30, 1997 for abuse of the writ.
Felder filed the instant § 2254 petition on July 29, 1997. On October 27, Respondent filed a motion to dismiss the petition as time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”), Pub.L. No. 104-132, 110 Stat. 1214 (1996). In his response, Felder claimed that he had not been aware of AEDPA’s limitations period until after he received Respondent’s motion to dismiss.[1]
The district court granted Respondent’s motion to dismiss the petition as time-barred under § 2244(d). It correctly noted that the limitations period imposed by AEDPA became effective on April 24, 1996. See 28 U.S.C. § 2244(d)(1) (1999) (providing one-year period after state court judgment becomes final to file federal habeas petition, subject to certain exceptions).[2] We have granted petitioners whose convictions became final before that effective date a one-year grace period, requiring them to file their § 2254 applications by April 24, 1997. See Flanagan v. Johnson, 154 F.3d 196, 200 n. 2 (5th Cir.1998); United States v. Flores, 135 F.3d 1000, 1006 (5th Cir.1998) (announcing one-year grace period in context of § 2255 *170 petitions). The district court noted that Felder’s application was filed ninety-nine days after the end of his grace period. Felder’s third state application, which was dismissed for abuse of the writ, was pending for seventy-eight days. Even if this petition was deemed “properly filed” under § 2244(d)(2), and therefore tolled the statute of limitations during its pendency, Felder’s § 2254 petition was filed late.[3]
Felder filed a motion for reconsideration of the dismissal. In that motion, Felder restated his argument that AEDPA’s limitations period was unconstitutional as applied, and also alleged that his case fell under § 2244(d)(1)(B). Felder again referred to the Tarter and Meadows affidavits and claimed to have shown that AED-PA was not available to him until at least September 1997- — after the expiration of his limitations period.
On July 23, 1998, the district court “reluctantly” denied Felder’s motion for reconsideration. It “interpret[ed] the applicable authorities” to allow only the one-year grace period, citing Flores,[4] However, the district court concluded that “the application of the grace period under Flores, supra, is a matter debatable among jurists of reason.” Construing the motion for reconsideration as a request for a Certificate of Appealability (“COA”), the district court granted a COA as to whether Felder’s petition “may be deemed timely filed under AEDPA, under circumstances consisting of the following”: Feldér (1) was incarcerated before AEDPA’s effective date; (2) is litigating pro se; (3) claims he is innocent of the crime for which he was convicted; (4) claims that he was unaware of AEDPA’s requirements (as judicially interpreted), and (5) claims that he lacked access to the law’s text during his one-year grace period.
II. DISCUSSION
In his appellate reply brief, Felder specifically contends that equitable tolling of AEDPA’s statute of limitations is warranted under the circumstances discussed by the district court.[5] None of the district court’s orders in this case, nor any of Felder’s prior filings, addressed equitable tolling. We note that the court did not have the benefit of our opinion in Davis v. Johnson, 158 F.3d 806 (5th Cir.1998), cert. denied, — U.S. -, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).[6]
In Davis, we held, as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction. See id. at 807. As a statute of limitations, it could be equitably tolled, albeit only in “rare and *171 exceptional circumstances.”[7] Id. at 811; see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must “examine each case on its facts to determine whether it presents sufficiently ‘rare and exceptional circumstances’ to justify equitable tolling” (quoting Davis, 158 F.3d at 811)). We have since provided additional insight into the types of circumstances that may be seen as rare and exceptional. In Coleman v. Johnson, 184 F.3d 398 (5th Cir.1999), for example, we stated that “ ‘[ejquitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.’ ” Id. at 402 (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996)). It is undisputed that, if equitable tolling for at least twenty-one days of Felder’s one-year grace period is unwarranted, Felder’s petition must be dismissed as untimely.
In light of Davis and our other jurisprudence, the circumstances enumerated by the district court in granting a COA are clearly insufficient to warrant equitable tolling. We have held that a petitioner’s incarceration prior to AED-PA’s passage does not present an extraordinary circumstance warranting equitable tolling. See Fisher, 174 F.3d at 714 (noting that AEDPA’s one-year grace period affected hundreds of prisoners, none of whom learned of it on its effective date). Likewise, proceeding pro se is not a “rare and exceptional” circumstance because it is typical of those bringing a § 2254 claim. Cf. United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Barrow v. New Orleans S.S. Ass’n, 932 F.2d 473, 478 (5th Cir.1991) (holding equitable tolling of limitations within the Age Discrimination in Employment Act not warranted by plaintiffs unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights). ■ Felder’s actual innocence claim also does not constitute a “rare and exceptional” circumstance, given that many prisoners maintain they are innocent.[8]
Felder has linked the fourth and fifth circumstances, arguing that he did not have notice of AEDPA’s requirements due to inadequacies of his prison’s law library. He contends that without notice of AEDPA’s requirements, he was denied the opportunity to timely file his petition. Because Felder clearly filed his petition before becoming aware of AEDPA’s requirements, his unawareness of the law arguably has not “prevented in some extraordinary way [his] asserting his rights.” Coleman, 184 F.3d at 402.[9]
In Fisher, we rejected a petitioner’s claim that he was entitled to equitable tolling for the forty-three day period between AEDPA’s effective date and the date on which he received actual notice of AEDPA. See 174 F.3d at 714. We gave a number of reasons for our decision, includ *172 ing the fact that “ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.” Id. To support this reasoning, we cited prior decisions of this court holding that mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law’s requirements. See id. at 714 n. 13 (citing Saahir v. Collins, 956 F.2d 115, 118-19 (5th Cir.1992) (holding that neither prisoner’s pro se status nor ignorance of the law constitutes “cause” for failing to include a claim in a prior petition), and Barrow v. New Orleans S.S. Ass’n, 932 F.2d 473, 478 (5th Cir.1991) (holding that “lack of knowledge of the filing deadlines” does not justify equitable tolling)). We could have just as easily cited to other cases for the same “ignorance of the law is no excuse” proposition. See, e.g., Quina v. Owens-Corning Fiberglas Corp., 575 F.2d 1115, 1118 (5th Cir.1978); Howard v. Sun Oil Co., 404 F.2d 596, 601 (5th Cir.1968).
Other language in Fisher would appear to lend support to Felder’s argument that his circumstances warrant equitable tolling. See Fisher, 174 F.3d at 715 (“In the right circumstances, a delay in receiving information might call for equitable tolling — such as if the prison did not obtain copies of AEDPA for months and months.... ”). This language is dicta, however, and we need not follow it.- Moreover, in addition to our long line of cases holding that mere ignorance of the law or of statutes of limitations is insufficient to warrant tolling,[10] we have Congress’ language in § 2244(d) to support our similar conclusion in this case.
In defining the one-year statute of limitations in § 2244(d), Congress explicitly laid out three circumstances under which the statute of limitations would begin to run after the date on which the prisoner’s judgment became final. See §§ 2244(d)(1)(B), (C), (D). We have previously noted that Congress did not provide for tolling based on a failure to receive timely notice. See Fisher, 174 F.3d at 714 (“Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice.”). Although in Davis we in effect suggested that circumstances beyond those indicated by Congress may warrant equitable tolling, we must nonetheless be mindful of the framework Congress established in § 2244(d). Cf. Fisher, 174 F.3d at 713 (noting that “the Supreme Court has expressed deference to the rules that Congress fashioned concerning habeas”). Viewing §§ 2244(d)(1)(B), (C), and (D) as providing Congress’ description, of “extraordinary circumstances,” cf. Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir.1999) (noting the existence of § 2244(d)(1)(D), which is described as an “equitable-tolling provision,” and of other express tolling provisions of § 2244(d)), suggests that we should not toll unless the circumstances presented in a particular ease are on a par with the conditions listed in § 2244(d). None of Felder’s circumstances, and particularly not his ignorance of the law, can *173 be said to be on a par with those conditions.
That ignorance of the law is insufficient is, in fact, supported by the language of § 2244(d)(2). In that tolling provision, Congress provided that “the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.” § 2244(d)(2). The “properly filed” limitation indicates that Congress does not view ignorance of the law as a sufficient reason for tolling, for a “properly filed” petition would be one that was filed within any statute of limitations the state imposes. See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999).
We are mindful of the effect a dismissal will have on Felder’s ability to have his claims heard by a federal court. This is his first federal habeas petition. We are also mindful of the Supreme Court’s cautionary statements in Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) (“Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty.”). It is the case, however, the Felder’s circumstances are clearly not among those “rare and exceptional” conditions that warrant deviation from both the express rules Congress has provided and the grace-period we have already granted prisoners whose convictions were final before AEDPA’s effective date. To hold otherwise would characterize as “rare and exceptional” circumstances that countless other prisoners could claim as their own. Cf. Fisher, 174 F.3d at 715 (“[T]he same concept would apply equally to many other prisoners and in different variations of delayed information, becoming a judicial tolling rule. Such broad decisions are for Congress, not equity.”).
III. CONCLUSION
For the above reasons, the district court’s dismissal of petitioner’s claim is AFFIRMED.

. Felder, proceeding pro se, did not specifically state in his Response to Respondent's Motion to Dismiss that he was unaware of AEDPA because the Eastham Unit law library did not receive a copy of AEDPA prior to his filing his federal petition. However, Felder refers in his attached affidavit to deficiencies of the prison law library. He also refers in his Response to affidavits attached to his motion requesting counsel. In those affidavits, prisoners Johnny J.E. Meadows and Harold T. Tarter attest to library inadequacies. Thus, the claim that he was unaware of AEDPA because of library inadequacies is implicit in Felder's Response. Felder also argued that application of AEDPA's limitations period to his case was unconstitutional.

. Prior to AEDPA, there was no statute of limitations on federal habeas claims. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir.1998).

. We have since held that a Texas state habe-as petition dismissed for abuse of the writ is "properly filed” under § 2244(d)(2) and therefore tolls the statute of limitations in § 2244(d)(1). See Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999).

. Flanagan, issued on September 21, 1998, was not yet available.

. Respondent argues that because Felder did not address in his initial brief the issue of whether his lack of knowledge of AEDPA's requirements warranted equitable tolling, he has waived the issue. See, e.g., DSC Communications Corp. v. Next Level Communications, 107 F.3d 322, 326 n. 2 (5th Cir.1997) ("[A] party who fails to raise an issue in its initial brief waives the right to review of that issue.”). In his initial appellate brief, Felder stated the issue on which a COA was granted, "rest[ed] his challenge” to the adequacy of the law library on the Tarter and Meadows affidavits, and explicitly linked his ignorance of AEDPA's requirements to the library’s inadequacies. He did not, however, specifically state that the statute of limitations should be equitably tolled. Instead, he cited to Easter v. Endell, 37 F.3d 1343 (8th Cir.1994), a case involving the question of whether it was appropriate for the court to exercise its "equitable power to look beyond a state procedural bar and proceed to the merits of a habeas corpus petition.” Id. at 1345. Given Felder’s statements in his initial brief, and considering, as we must, his pro se status, we do not consider the issue of whether Felder's lack of notice warrants equitable tolling waived.

. The district court’s reconsideration order was issued on July 23, 1998. Davis was issued on October 21, 1998.

. In Davis, the petitioner’s filing was well after the grace period allowed by Flanagan. In holding that § 2244(d)(1) was a statute of limitations that could be equitably tolled, Davis did not distinguish between the one-year AEDPA limitations period and the one-year Flanagan grace period granted to prisoners, like Felder, whose convictions became final before AEDPA’s effective date. See 158 F.3d at 811.

. Felder has not made a showing of actual innocence, as the district court noted.

. His filing his petition prior to September 1997, the lime he alleges he had access to AEDPA, would also appear to make § 2244(d)(1)(B) unavailable to Felder. Under § 2244(d)(1)(B), the limitation period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United State is removed, if the applicant was prevented from filing by such State action.” Cf. United States ex rel. Morgan v. Gilmore, 26 F.Supp.2d 1035, 1039 (N.D.Ill.1998) ("Even if the court assumes that the lock-down constitutes state action, it did not prevent Morgan from filing 'an application.' ”).

. Our conclusion that Felder’s unawareness of AEDPA’s requirements is insufficient to warrant tolling is also consistent with the determinations of other courts that have faced similar claims. See, e.g., Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (holding equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law, and only learned of AEDPA’s time limitations sometime after April 29, 1997), cert. denied, - U.S. -, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998); United States v. Griffin, 58 F.Supp.2d 863, 869 (N.D.Ill.1999) (declining to toll because of petitioner’s lack of awareness of AEDPA's enactment until he entered the federal prison system in 1997, and stating that “such a run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling,” citing our decision in Fisher in support); Bilodeau v. Angelone, 39 F.Supp.2d 652, 659 n. 1 (E.D.Va.) (concluding that ignorance of the law does not warrant tolling), appeal dismissed by 182 F.3d 906 (4th Cir.1999); Fadayiro v. United States, 30 F.Supp.2d 772, 781 (D.N.J.1998) (“That Fadayiro may have been unaware of the new limitations period of Section 2255 also is not sufficient to toll the statute of limitations.”).