IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11411
Summary Calendar

_____

JERRY HAROLD BROSEH,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:98-CV-079-C
- - - - - - - - - -
March 27, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerry Harold Broseh, Texas prisoner # 438382, was granted a certificate of appealability to appeal the issue whether Broseh's delay in receiving a copy of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) constituted a state impediment or warranted equitable tolling of the one-year limitations period. Relying upon this court's decision in Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999), Broseh argues that this lengthy delay constitutes a rare and exceptional circumstance warranting

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equitable tolling. Broseh does not renew his claim that the delay constituted a State impediment which would toll the limitations period. Accordingly, that issue is waived. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned); Fed. R. App. P. 28(a).

In a recent opinion, this court determined that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, can never serve as a basis for equitable tolling. <u>Felder v. Johnson</u>, ___ F.3d ___ (5th Cir. Feb. 9, 2000, No. 98-21050), 2000 WL 144178 at *3-*5. Broseh's equitable tolling argument is thus foreclosed by <u>Felder</u>. Accordingly, the judgment of the district court is AFFIRMED.

Broseh's motion to file a rebuttal brief is DENIED AS MOOT because he filed a reply brief. To the extent that Broseh has moved to strike the appellee's brief as untimely, that request is DENIED. Fed. R. App. P. 26(a)(4) (legal holidays include any "day declared a holiday by the . . . state in which is located . . . the district court that rendered the challenged judgment or order"); Tex. Gov't Code Ann. § 662.003(a)(6) (declaring the Friday after Thanksgiving as a holiday).

AFFIRMED. MOTION TO STRIKE BRIEF DENIED; MOTION TO FILE REBUTTAL BRIEF DENIED AS MOOT.