IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11175
Conference Calendar

_____

BILLY RAY RISLEY,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-421-Y
--------------------
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Billy Ray Risley, Texas prisoner # 715659, appeals the district court's dismissal of his 28 U.S.C. 2254 application for a federal writ of habeas corpus, as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Risley argues that the district court erred in failing to toll the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations period from April 24, 1996, the date that the AEDPA became effective, until the prison law library received copies of

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the new habeas law.  Risley is not entitled to equitable tolling on that basis.  See Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000)(holding that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, does not serve as a basis for equitable tolling).  The district court's judgment dismissing Risley's § 2254 application as time-barred is AFFIRMED.

Risley's motion to supplement the record on appeal is DENIED as unnecessary.

AFFIRMED; MOTION TO SUPPLEMENT TO RECORD DENIED.