IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-11365
Conference Calendar

---

JAMES WILLIAMS WHITE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1574
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

James Williams White ("White"), Texas prisoner # 739842, has appealed the denial of his 28 U.S.C. § 2254 petition as time-barred by the one-year statute of limitations. This court granted his application for a certificate of appealability ("COA") on two issues: (1) whether his prison law library's delay in receiving a copy of the Antiterrorism and Effective Death Penalty Act ("AEDPA") warranted equitable tolling; and (2) whether his prison law library's delay in receiving a copy of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the AEDPA constituted an unconstitutional impediment to filing his § 2254 petition, under 28 U.S.C. § 2244(d)(1)(B), that postponed the beginning of the running of the statute of limitations.

White has not shown that the district court erred. His equitable-tolling argument is foreclosed by this court's recent opinion in Felder v. Johnson, ___ F.3d ___ (5th Cir. Feb. 9, 2000, No. 98-21050), 2000 WL 144178, at *4 (holding that prison's delay in providing notice of AEDPA's requirements does not warrant equitable tolling). White's § 2244(d)(1)(B) argument, raised for the first time on appeal, fails because he cannot show that the district court committed plain error as this court had not yet addressed what constitutes an unconstitutional state action impeding a petitioner's ability to file a § 2254 petition at the time of the district court's decision. See Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994). The judgment of the district court is AFFIRMED, and White's motion to appoint counsel is DENIED.