IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10525
(Summary Calendar)
_____

MAX WALCK,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(99-CV-7)
--------------------
April 14, 2000

Before POLITZ, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Max Walck, Texas prisoner # 744360, challenges the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. A certificate of appealability (COA) was granted for the issue whether the one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) should have been equitably tolled while Walck was being transferred between Texas prisons on a bench warrant, during which time he purportedly was separated from his legal materials.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court refused to apply the equitable tolling doctrine in Walck's case.

As a statute of limitations and not a bar to federal jurisdiction, the AEDPA's limitations period may be equitably tolled "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999). For the doctrine to apply, the petitioner must demonstrate that he was "prevented in some extraordinary way [from] asserting his rights." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Whether to apply the doctrine is within the discretion of the district court, and such a decision is thus reviewed for an abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

Walck is inconsistent with the dates he was denied access to his legal materials; he does not state why he needed his materials to file his federal habeas petition; and he does not indicate that he was restrained or prevented from filing within the limitations period. He has not sufficiently demonstrated a rare and exceptional circumstance warranting the application of equitable tolling in his case. The district court did not abuse its discretion.

The judgment of the district court is affirmed, and Walck's motion to amend the record on appeal is denied.

AFFIRMED; MOTION DENIED.

2