# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 99-10028
_____

**JAMES L. BROWN,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-1869-G)**
_____

May 8, 2000

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Texas prisoner James L. Brown (#269883) appeals, *pro se*, the dismissal of his federal habeas application as time-barred, our court having granted a Certificate of Appealability (COA) on whether the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), should be equitably tolled, because the prison law library did *not* receive a copy of AEDPA until approximately 11 months after its effective date and he, correspondingly, did *not* receive notice of AEDPA's limitations period. We **AFFIRM**.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In April 1977, a jury convicted Brown for his third felony. That May, he was sentenced to life imprisonment.

Brown was paroled in December 1989. Parole was revoked in February 1993.

In December 1997, Brown filed a state habeas application, challenging the revocation. The application was denied in July 1998 by the Texas Court of Criminal Appeals without written order. *Ex Parte Brown*, No. 38,013-01 (Tex. Crim. App. 15 July 1998).

Brown filed a federal habeas application that August. The magistrate judge recommended dismissal as time-barred, pursuant to 28 U.S.C. § 2244(d). The recommendation was adopted by the district court. Brown's motion to alter judgment was denied.

The district court denied Brown a COA. Our court granted it, however, on whether the failure of the prison law library to receive a copy of AEDPA for approximately 11 months after its effective date warranted equitable tolling.

II.

Section 2244(d), in pertinent part, states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the *judgment became final* by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the *impediment to filing* an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;

....

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Prisoners whose convictions became final prior to 24 April 1996, AEDPA's effective date, had one year after that date in which to file for federal habeas relief. ***Flanagan v. Johnson***, 154 F.3d 196, 200 (5th Cir. 1998). As reflected above, AEDPA's limitations period is suspended while a state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); *see **Fields v. Johnson***, 159 F.3d 914, 916 (5th Cir. 1998).

AEDPA's one-year limitations period is a statute of limitations. ***Davis v. Johnson***, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, ___ U.S. ___, 119 S. Ct. 1474 (1999). Therefore, it may be equitably tolled in rare and exceptional circumstances. ***Id.***

Absent equitable tolling, Brown's petition is time-barred, because, although his parole was revoked in 1993, he did *not* seek habeas relief (in this instance, state) until December 1997, *after* the limitations period had expired in April. He contends he is entitled to equitable tolling because he is proceeding *pro se* and did *not* receive notice of AEDPA until 14 April 1997, approximately 11 months after its effective date, when the prison law library received a copy. He maintains he could obtain notice of AEDPA's

- 3 -

limitations period *only* through that library and, consistent with 28 U.S.C. § 2244(d)(1)(B), its failure to give him notice was a state-created impediment to his timely seeking federal habeas relief.

In **Felder v. Johnson**, 204 F.3d 168, 170 (5th Cir. 2000), Felder sought equitable tolling of AEDPA's limitations period, stating he was incarcerated before AEDPA's effective date; was proceeding *pro se*; was innocent of the crime for which he was convicted; and was unaware of AEDPA's requirements, due to inadequacies of the prison law library. He claimed AEDPA was *not* made available to him until September 1997. **Id**.

But, our court held ignorance of AEDPA's limitations period, caused by *not* receiving notice of changes in the limitations period until after it expired, did *not* warrant equitable tolling. **Id**. at 172-73.

Brown raises the same factual scenario as Felder, except he claims the prison law library received a copy of AEDPA in April 1997, five months earlier than claimed in **Felder** and *within* the limitations period (expired approximately two weeks later). *No* authority need be cited for our being bound by our circuit precedent. Accordingly, Brown's ignorance of AEDPA's limitations period does *not* warrant equitable tolling.

B.

Brown also claims application of the limitations period violates the Suspension Clause and Ninth Amendment, because Congress exceeded its authority in enacting AEDPA. A COA was *not*

granted for this issue.  Nor has Brown requested it be so certified.  Accordingly, we *cannot* consider it.  *See* **Lackey v. Johnson**, 116 F.3d 149, 151-52 (5th Cir. 1997) (limiting review to issues specified in COA).

                            III.

     In the light of the foregoing, the dismissal of Brown's application is **AFFIRMED**.  Therefore, the State's motion to supplement the record is **DENIED** as moot.

                                    ***AFFIRMED; MOTION DENIED***