IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11124
(Summary Calendar)
_____


CLIVE DOUGLAS PARKER,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(1:98-CV-12-C)
--------------------
June 7, 2000

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Clive Douglas Parker (Parker), Texas prisoner #699860, appeals the district court's denial of his petition for a writ of habeas corpus. We previously granted COA with respect to three issues: (1) whether Parker was entitled to tolling for the time his prior federal 28 U.S.C. § 2254 petition for a writ of habeas corpus was pending; (2) whether Parker is entitled to tolling for the period during which his second and third state habeas applications were pending, when such

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

applications were dismissed as successive by the state court; and (3) whether Parker's lack of access to current legal material either extends the tolling period under 28 U.S.C. § 2244(d)(1)(B) or entitles Parker to equitable tolling.

Parker argues that he is entitled to tolling for the time during which his first federal habeas petition was pending. In Grooms v. Johnson, we held that § 2244(d)(2) does not toll the pendency of a properly filed § 2254 petition for federal habeas relief. 208 F.3d 488, 489 (5th Cir. 1999). Accordingly, the Antiterrorism and Effective Death Penalty Act (AEDPA) period of limitation was not tolled during the pendency of Parker's first federal habeas petition. Id. As Parker's federal petition is timely only if he is given credit for the 149 days his first federal petition was pending, we need not determine whether the AEDPA period of limitation was tolled during the pendency of his second or third state habeas applications.

Parker argues that his alleged lack of access to legal materials either extends the tolling period under 28 U.S.C. § 2244(d)(1)(B) or entitles him to equitable tolling. Parker has not shown that the State imposed an unconstitutional impediment to the filing of his federal habeas petition, see § 2244(d)(1)(B), and, in Felder v. Johnson, we determined that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, cannot serve as a basis for equitable tolling. 204 F.3d 168, 171-73 (5th Cir. 2000). Accordingly, the district court's judgment dismissing Parker's application is

2

AFFIRMED.