IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 98-11308
Conference Calendar

———————————————

BRETT C. NORRIS,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1018-G
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Brett C. Norris, Texas prisoner # 659410, appeals the district court's dismissal of his 28 § U.S.C. 2254 application for a writ of habeas corpus, as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Norris argues that the district court erred in failing to equitably toll the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations period from April 24, 1996, the date that the AEDPA became effective, until April 1, 1997, the date that the prison

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law library received copies of the new habeas law.  Norris is not entitled to equitable tolling on that basis.  <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 171-73 (5th Cir. 2000)(holding that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, does not serve as a basis for equitable tolling).  The district court's judgment dismissing Norris's § 2254 application as time-barred is AFFIRMED.

AFFIRMED.