IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41304
Conference Calendar

_____


CLINTON WAYNE SMITH,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, In his Official Capacity as Director,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-830
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Clinton Wayne Smith, Texas prisoner # 397643, appeals the

district court's dismissal of his 28 U.S.C. § 2254 application

for a writ of habeas corpus, as barred by the one-year statute of

limitations set forth in 28 U.S.C. § 2244(d).  Smith argues that

the district court erred in failing to toll the Antiterrorism and

Effective Death Penalty Act's (AEDPA) limitations period from

April 24, 1996, the date that the AEDPA became effective, until

March 23, 1997, the date that the prison law library received

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

copies of the new habeas law.  Smith is not entitled to equitable tolling on that basis.  See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000)(holding that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, does not serve as a basis for equitable tolling).  The district court's judgment dismissing Smith's § 2254 application as time-barred is AFFIRMED.

AFFIRMED.