IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20403
Conference Calendar
_____

CECIL JEROME MACKEY,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1410
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Cecil Jerome Mackey, Texas prisoner #582558, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Mackey argues that the district court erred in failing to toll the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations period from April 24, 1996, the date that the AEDPA became effective, until the prison law library received copies of the new habeas law. Mackey is not entitled to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equitable tolling on that basis.  <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 170, 172-73 (5th Cir. 2000)(holding that a prisoner's actual ignorance of the AEDPA's limitations period, even if attributable to the newly-enacted statute's complete unavailability to inmates, does not serve as a basis for equitable tolling).  The district court's judgment dismissing Mackey's § 2254 petition as time-barred is AFFIRMED.

AFFIRMED.