IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50530
Conference Calendar
_____

THOMAS D. TINER,

                                        Petitioner-Appellant,

versus

FNU TREON, Warden, Terrell Unit,
Texas Department of Corrections; ET AL,

                                        Respondents,

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CV-149
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Thomas D. Tiner, Texas inmate #706290, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Tiner's motion for appointment of counsel is DENIED.

Tiner admits that his § 2254 petition was not filed timely. He contends, however, that equitable tolling should be applied in his case. Tiner asserts that the State, the district attorney,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his attorney on direct appeal would not provide him a copy of his state records.  Tiner contends that his inability to obtain the record prevented him from filing a timely § 2254 petition.

The statute of limitations, 28 U.S.C. § 2244(d)(1), is subject to equitable tolling in rare and exceptional circumstances.  *Davis v. Johnson*, 158 F.3d 806, 811-12 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999).  "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)(internal quotations and citation omitted).  Tolling should not be applied "unless the circumstances presented in a particular case are on a par with the conditions listed in § 2244(d)."  *See Felder*, 204 F.3d at 172.

Tiner's allegations do not constitute rare and exceptional circumstances warranting equitable tolling.  Tiner has not shown that the State actively misled him or prevented him from filing a timely § 2254 petition.  Accordingly, the district court's judgment dismissing Tiner's § 2254 petition as time-barred is AFFIRMED.

AFFIRMED; MOTION DENIED.