IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-10807

JEFFREY BALAWAJDER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeals from the United States District Court
For the Northern District of Texas
(4:98-CV-1128-Y)

April 5, 2001

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Petitioner's habeas corpus petition was dismissed by the district court as untimely, having been filed more than one year after his conviction and after the passage of the Anti-Terrorism and Effective Death Penalty Act. This Court granted a Certificate of Appealability on two questions. First, should the AEDPA statute of limitations have been equitably tolled because Balawajder's prison library did not receive a copy of the AEDPA until after the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one year period; and second, did this Court have jurisdiction to consider that question where Balawajder arguably did not present it in his application to the district court for a COA.  After that COA was granted, we decided *Felder v. Johnson*,[1] which held that inadequacy of a prison law library did not warrant equitable tolling.  Balawajder therefore moved to expand the COA to include the question of whether the absence of the AEDPA from his library constituted a state-created impediment, preventing the statute of limitations from running under 28 U.S.C. § 2244(d)(1)(B).  We granted his motion to expand the COA to include that question.

We hold that this Court does have jurisdiction to reach the question of equitable tolling, because Balawajder's pleading below adequately indicated to the district court that he sought equitable tolling.  We further hold, however, that *Felder* controls this case, and Balawajder is not entitled to equitable tolling.

We finally hold that, on these facts, the absence of the AEDPA from the prison library was not a state-created impediment that prevented Balawajder from filing.  We note that the record reflects Balawajder's actual awareness of the existence of the AEDPA well before the one-year period expired.  In fact, Balawajder affirmatively requested a copy of the AEDPA, on the grounds that he knew it contained an important statute of limitations.  Further, the Warden advised Balawajder to request the AEDPA from the state

---

[1] 204 F.3d 168 (5th Cir. 2000).

library in Austin, and there is no evidence to suggest that Balawajder did so.  Therefore, we have no occasion to decide whether § 2244(d)(1)(B) might be invoked by the absence of the AEDPA from a prison library where the prisoner remains actually ignorant of the very existence of the statute.  Here, Balawajder knew that the AEDPA existed and that it imposed a statute of limitations.  He was therefore not prevented from filing by its absence.

AFFIRMED.