IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-11206
Summary Calendar

TERRY ANGELO HATCHER,

Petitioner-Appellant,

v.

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-817

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Terry Hatcher, Texas prisoner # 1182100, was convicted of aggravated sex-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ual assault of a child and sentenced to 46 years in prison. He appeals the dismissal of his 28 U.S.C. § 2254 application as time-barred.

Hatcher argues that he is entitled to tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(1) for filing a § 2254 application because the combination of two factors establishes rare and exceptional circumstances that warrant equitable tolling: (1) His trial counsel refused to provide him with a copy of counsel's file, and (2) the state habeas court denied his request for an order compelling production of the file or alternatively for a hearing. Hatcher contends that the state habeas court's action constituted a state-created impediment to the timely filing of his § 2254 application. Hatcher, who filed his application on November 17, 2006, does not contest the district court's determination that, absent tolling, the one-year limitations period expired on October 2, 2006.

The limitations period runs from the latest of several dates, including "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." § 2244(d)(1)(B). Thus, under the statute, the impediment must be unconstitutional for tolling to apply. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998).

The state habeas court granted Hatcher's request for an evidentiary hearing with respect to his effort to obtain a copy of his trial counsel's file. Although Hatcher complains that the hearing was done by affidavits rather than live testimony, he did not allege that the state habeas court created an "unconstitutional" impediment that prevented him from timely filing his federal habeas application. In the absence of such an allegation, the statutory exception in § 2244(d)-(1)(B) does not apply. Id. at 199.

The limitations period may be equitably tolled, but only in rare and exceptional circumstances. Felder v. Johnson, 204 F.3d 168, 170-171 (5th Cir. 2000). Hatcher has not shown that not having possession of his trial counsel's file prevented him from filing his application, as opposed to proving his claims. See

Flanagan, 154 F.3d at 199 (holding that § 2244(d) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

Hatcher was able to file his state habeas application without first obtaining a copy of his trial counsel's file, and he ultimately, if belatedly, also filed his § 2254 application without first obtaining a copy. See id. at 198-99. He has not shown that lack of possession of the file prevented him from filing his application on time.

Hatcher has not carried his burden of establishing rare and exceptional circumstances for equitable tolling. See Felder, 204 F.3d at 170-71. He has not established that the district court abused its discretion in denying his request for tolling. See Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004).

AFFIRMED.