ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                    )
                                                )
Superior Construction Company                   )        ASBCA No. 61468
                                                )
Under Contract No. H92237-11-C-0701             )

APPEARANCE FOR THE APPELLANT:           Mr. Mahboobullah Atiqi
                                          Vice President

APPEARANCES FOR THE GOVERNMENT:         Jeffrey P. Hildebrant, Esq.
                                          Air Force Deputy Chief Trial Attorney
                                        Heather M. Mandelkehr, Esq.
                                        Maj Ryan P. Payne, USAF
                                          Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE WOODROW ON THE
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

        This appeal involves a contractor's demand for mobilization costs on a contract
in Afghanistan that was suspended and never reinitiated.  The government contends
that appellant's claim is untimely and has moved for summary judgment.  We grant
the motion and deny the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

        1.  On May 11, 2011, the Combined Joint Special Operations Task Force –
Afghanistan, now Special Operations Joint Task Force – Afghanistan (the
government) awarded Contract No. H92237-11-C-0701 to Superior Construction
Company SCC (SCC)[1] for the construction of a short take-off and landing zone
(STOLZ project) on Forward Base Darvishan, Afghanistan (R4, tab 5).  On the same
day, the contracting officer (CO) provided a Notice to Proceed to SCC (R4, tabs 6-7).

        2.  SCC mobilized machinery and labor to begin the STOLZ project (R4, tab 8
at 2, tab 9 at 1-3).  But upon arrival at the project site, a government representative
explained to SCC personnel that the project could not begin because ongoing

---

[1] Appellant uses various names throughout its correspondence with the government:
        Superior Construction Company; Women Superior Co.; Women Superior
        Construction Company; and Superior Construction Supply and Service
        Company.  We will continue to use appellant's name as captioned in this
        appeal.

construction on a separate project prevented any work on the runway for the STOLZ project (R4, tab 9 at 2). On June 11, 2011, that government representative advised SCC by email that construction on the other project would likely not be complete until late July or early August, and until then, work on the STOLZ project would have to be suspended pending completion of the other (R4, tab 9 at 6; *see* tab 9 at 3-4). The record does not indicate that a new start date was ever provided or that work was ever done on the STOLZ project.

3. From July 18, 2011 until September 23, 2011, SCC and the government exchanged numerous emails regarding compensation for mobilization costs and the status of the new start date (R4, tabs 8-10). Throughout the email dialogue, SCC and the government never reached an agreement concerning the amount of reasonable compensation for costs expended by SCC for mobilization to the project site, with appellant seeking amounts ranging from $22,500 to $36,000, and the government proposing to pay amounts ranging from $3,000 to $5,000 (R4, tabs 8-10).

4. On August 8, 2017, SCC filed an appeal with the Board, which was docketed as ASBCA No. 61272. On September 12, 2017, the Board requested that SCC provide a copy of the claim it submitted to the CO prior to filing the appeal. In response, SCC indicated that it had not submitted a claim to a CO for a decision. On October 5, 2017, the Board dismissed ASBCA No. 61272 without prejudice to allow SCC to submit a claim to a CO. *Superior Constr. Co.*, ASBCA No. 61272, 2017 WL 4736788 (Oct. 5, 2017).

5. Prior to the October 5, 2017 dismissal, on September 20, 2017, SCC submitted a claim to the CO for $40,900 in costs related to the STOLZ project (R4, tabs 2-4). The claim describes costs for mobilization with escort charges, machinery on-site, labor, and demobilization (R4, tab 4). The claim provides that machinery remained on the project site from May 18, 2011 until July 17, 2011 (R4, tab 3).

6. After receiving the claim, the government requested that SCC submit all related invoices (R4, tab 11 at 1). In response, SCC provided three invoices, which included costs for mobilization, demobilization, and equipment leasing for the dates of May 18, 2011 to July 17, 2011 (R4, tabs 11-14). Two of the invoices are dated May 16, 2011, and the third invoice is dated July 18, 2011 (R4, tabs 12-14). The invoices were later translated for accuracy by SOJTF-A linguists, which confirmed the English text within each document (R4, tab 18 at 4). Upon further request by the government for invoices submitted to the contracting officer's representative in 2011, SCC provided two more invoices both dated July 4, 2011 (R4, tabs 15-17). These two invoices are entirely in English and also describe costs for mobilization, demobilization, and machinery (R4, tabs 16-17).

2

7. The CO issued a final decision, dated December 28, 2017, denying the claim based on the Contract Disputes Act's (CDA's) six-year statute of limitations for filing a claim (R4, tab 18). On January 1, 2018, SCC filed a timely appeal with the Board, which was docketed as ASBCA No. 61468 and is before us now.

8. On June 4, 2018, the government filed a motion for summary judgment describing the "single controlling issue" as the "claim outside of the six-year period" (gov't mot. at 1). Attached as Exhibits G-1 and G-2 to the government's motion are SCC's responses to discovery. SCC's two admission responses are directly quoted below:

> **Request for Admission No. 1.** Admit that all costs related to this appeal and its underlying claim were accrued by 17 July 2011.
>
> **Response:** Superior Co. admits that all costs related to this appeal were accrued by 17 July 2017
>
> **Request for Admission No. 2.** Admit that the first and only claim related to the costs incurred under the Contract and are the subject of this appeal was filed on 20 September 2017.
>
> **Response:** Superior co. Admits that the first and only claim was filed on 20 September 2017. [B]ut we asked for our expenditures through Email address to the contracting officer back on 2011.

(Gov't mot., ex. G-1 at 9) (syntax in original)

9. Following those responses, the government emailed SCC to clarify the date on Admission No. 1 above. On May 31, 2018, SCC responded to the government's email saying, "I apologize for the inconvenience, it is 17 July 2011." (Gov't mot., ex. G-2 at 1) Accordingly we find that SCC's claim accrued on July 17, 2011.

10. On October 10, 2018, SCC responded, via email to the Board, to the government's motion for summary judgment by submitting a self-described "Appeal Statement" without specifically addressing the government's contention. SCC also attached three invoices "as an evidence to our Appeal." (Bd. corr. ltr. dtd. October 10, 2018)

## DECISION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). When considering a motion for summary judgment, the Board's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249. We are required to view the record in the light most favorable to the nonmoving party, which in this case is SCC. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962)).

The CDA provides that "[e]ach claim by a contractor against the Federal Government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim." 41 U.S.C. § 7103(a)(4)(A). A claim accrues, "when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known." Federal Acquisition Regulation (FAR) 33.201. The events fixing liability "should have been known" when they occurred unless they were either concealed or inherently unknowable at the time. *Alion Sci. and Tech. Corp*., ASBCA No. 58992, 15-1 BCA ¶ 36,168 at 176,489 (citing *Raytheon Missile Sys*., ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,017). "Once a party is on notice that it has a potential claim, the statute of limitations can start to run." *Kellogg Brown & Root Servs*., Inc., ASBCA No. 58175, 15-1 BCA ¶ 35,988 at 175,824 (quoting *Grey Personnel*, ASBCA No. 54652, 06-2 BCA ¶ 33,378 at 165,476).

Failure to meet a statute of limitations is an affirmative defense, for which the government, in this case, bears the burden of proof. *Kellogg Brown & Root Servs*., Inc., 15-1 BCA ¶ 35,988 at 175,823 (citing FED. R. CIV. P. 8(c); *Bridgestone/Firestone Research, Inc. v. Automobile Club de L'Ouest de la France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001)).

The government contends it is entitled to summary judgment because SCC's claim accrued more than six years before the September 20, 2017 claim was submitted to the CO for a final decision (SOF ¶ 5; gov't mot. at 3). The government argues that any costs related to this claim were able to be fully known by July 17, 2011 (gov't mot. at 1-2). Additionally, the government points to SCC's responses to its request for admissions and contends that by virtue of the admissions, there are no material facts in dispute (*id*. at 2-3).

4

SCC responded to the motion by submitting a self-described "Appeal Statement" without specifically addressing the government's contention. SCC also attached three invoices "as an evidence to our Appeal." (SOF ¶ 10)

We found that the claim accrued on July 17, 2011 (SOF ¶ 9). The invoices provided by SCC demonstrate that all of the costs related to SCC's claim either had been incurred or were known to SCC by this date. Specifically, SCC provided three untranslated invoices, which included costs for mobilization, equipment rental, and demobilization. Two of the invoices are dated May 16, 2011, while the final invoice is dated July 18, 2011 (SOF ¶ 6). SCC subsequently submitted two more invoices, in English, both dated July 4, 2011, which cover the same expenditures as the previous native-language invoices. SCC confirmed, in its answers to government requests for admission, that SCC did not incur any additional costs beyond those set forth in the invoices. Indeed, SCC expressly stated that "all costs related to this appeal were accrued by July 17, 201[1]." (SOF ¶ 8) Finally, SCC again confirmed that all of the costs related to this appeal were accrued by July 17, 2011, when SCC responded to an email inquiry from government counsel (SOF ¶ 9).

Based on the record before us, we conclude that all costs related to this appeal were accrued by July 17, 2011, and SCC's first and only claim was filed on September 20, 2017 (SOF ¶¶ 5-6; *see* SOF ¶ 4). Together, these factual findings place the September 20, 2017 claim six years, two months, and three days after July 17, 2011, the date it admits when all costs were accrued. Accordingly, as the claim accrued more than six years prior to being filed with the CO, it is untimely.

Although we deem the claim untimely, our analysis does not end here. Because even though SCC did not articulate the defense directly, we should determine if the statute of limitations should be equitably tolled. *Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 583 F.3d 785, 798 (Fed. Cir. 2009). The CDA's six-year limitation upon the submittal of a claim may be equitably tolled when a litigant has (1) been pursuing his rights diligently, and (2) some extraordinary external circumstance "stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)). The burden of proof lies upon the part of the party seeking equitable tolling. *See Levy v. United States*, 83 Fed. Cl. 67, 75 (2008) (citing *Felder v. Johnson*, 204 F. 3d 168, 170-71 (5th Cir. 2000)).

Here, the record shows that there was a flurry of activity between July and September of 2011, and then nothing else until the August 2017 appeal to the Board (SOF ¶¶ 3-4). Appellant offers no explanation as to what transpired between September of 2011 and August of 2017. Because the August 2017 filing to the Board was beyond the six-year limitation period, and because SCC has offered no evidence

of any extraordinary circumstance that prevented timely filing of the claim, we conclude that SCC failed to diligently pursue its rights.

The CDA requires that a claim be submitted within six years after the accrual of the claim. 41 U.S.C. § 7103(a)(4)(A). This claim was not.

<u>CONCLUSION</u>

The government's motion for summary judgment is granted. SCC's appeal is denied.

Dated: July 1, 2020

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61468, Appeal of Superior Construction Company, rendered in conformance with the Board's Charter.

Dated: July 1, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals