# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2022

Lyle W. Cayce
Clerk

No. 20-30045

Tony Garnell Pennywell,

*Petitioner—Appellant*,

*versus*

Tim Hooper, Warden, Louisiana State Penitentiary,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-1425

Before Jolly, Higginson, and Engelhardt, *Circuit Judges*.
E. Grady Jolly, *Circuit Judge*:

This court granted a certificate of appealability on the grounds that "[r]easonable jurists would find it debatable whether Pennywell demonstrated sufficient diligence and an extraordinary circumstance to warrant equitable tolling." Upon review, we conclude that Pennywell is entitled to equitable tolling.

No. 20-30045

Based on the undisputed facts before us,[1] Pennywell delivered his petition for direct review of his state conviction—which resulted in multiple life sentences—to prison guards for mailing and, through some unknown fault in the mailing process, the Louisiana Supreme Court never received the petition. Once Pennywell discovered the petition had never arrived at the Louisiana Supreme Court, he promptly refiled it. As a result of the untimeliness caused by the mailing failure of his first petition, however, the Louisiana Supreme Court dismissed his renewed petition for direct review as untimely. *State ex rel. Pennywell v. Pennywell*, 189 So.3d 1074, 1075 (La. 2016). This decision was the basis for all subsequent denials of Pennywell's seeking post-conviction relief, both in the Louisiana Supreme Court for state habeas and in the district court for federal habeas in this case. *See State v. Pennywell*, 279 So.3d 908, 908–09 (La. 2019); *Pennywell v. Warden*, No. 1:19-CV-1425-P, 2019 U.S. Dist. LEXIS 223455 (W.D. La. Dec. 27, 2019) (adopting *Pennywell v. Warden*, No. 1:19-CV-1425-P, 2019 U.S. Dist. LEXIS 223440 (W.D. La. Dec. 4, 2019) (magistrate judge's report and recommendation)).

The failure to timely deliver the petition to the Louisiana Supreme Court was through no fault of Pennywell, as the state district court noted. *State v. Pennywell*, No. 312,478 (La. Dist. Ct. Oct. 13, 2017). Thus, by the failure of the mail system, Pennywell was "prevented in some extraordinary way from asserting his rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)

---

[1] Although the warden has received notice of this appeal, he has failed to respond. The clerk's office sent Pennywell's certificate of appealability and the briefing schedule to the warden. It also sent a letter notifying the warden when his response brief had not been received by the briefing schedule's deadline and included instructions for filing a brief out of time. Thus, on this record, Pennywell's allegations supporting equitable tolling are unchallenged—that is, Pennywell timely delivered his petition to prison authorities for mailing and the Supreme Court of Louisiana never received it.

No. 20-30045

(internal quotation marks omitted)). Further, upon discovering the defect in the mailing of his direct petition, and in all subsequent filings, Pennywell has diligently pursued his rights. Given these undisputed facts before us, we conclude that Pennywell has demonstrated due diligence and an extraordinary circumstance that justify equitable tolling in this case. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, we hold that Pennywell's petition before the district court is timely. The district court's judgment of dismissal is, therefore, REVERSED and the case is REMANDED for further consideration.

REVERSED and REMANDED.