MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff,

v.

Laurence E. RANDALL and Nadine D. Randall, Defendants.

Civ. No. S–85–1114 EJG.

United States District Court, E.D. California.

Jan. 3, 1986.

Laurie Miller, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for plaintiff.

Paul Melbostad, Law Offices of Thomas E. Horn, San Francisco, Cal., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

EDWARD J. GARCIA, District Judge.

The motion of plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") for summary judgment pursuant to Fed.R.Civ.P. 56 came on regularly for hearing on November 15, 1985. The court has considered the papers in support of, and in opposition to, Merrill Lynch's motion, the arguments of counsel, and the other papers on file in this action.

The material facts are not in dispute. Defendants Laurence E. Randall and Nadine D. Randall first filed a complaint against Merrill Lynch in the Northern District of California on December 6, 1983. This complaint was based on the same claim the Randalls now seek to arbitrate before the National Association of Securities Dealers, Inc. After transfer of their first lawsuit to Washington D.C., on August 8, 1984 the Randalls voluntarily dismissed that action pursuant to Fed.R.Civ.P. 41(a)(1).

On July 30, 1984 the Randalls filed a second lawsuit, once again alleging the same claim. This lawsuit was also transferred to Washington D.C., and on May 3, 1985 the Randalls again voluntarily and unilaterally filed a notice of dismissal pursuant to Rule 41(a)(1).

The Randalls do not dispute that they twice voluntarily dismissed their com-

plaints against Merrill Lynch. Nor do they dispute that their arbitration claim is based on the same set of facts as the dismissed complaints. Merrill Lynch now seeks to enjoin the Randalls from proceeding to further litigate the claims underlying their two dismissed lawsuits because of the res judicata effect of the second dismissal pursuant to Rule 41(a)(1).

The Randalls contend that summary judgment should be denied because there are material issues in dispute, including (1) whether their voluntary dismissals were made in bad faith or with the intent to harass Merrill Lynch, and (2) whether the application of Rule 41(a)(1) in this case would effectuate the Rule's purpose, which the Randalls contend is to prevent unreasonable abuse and harassment.

The court holds that Rule 41(a)(1) requires no such findings. The disputed issues of fact identified by the Randalls are not material. The application of Rule 41(a)(1) in this case is purely a question of law.

The Randalls have only cited one case in which Rule 41(a)(1) was not literally applied; i.e. *Poloron Products, Inc. v. Lybrand Ross Bors. & Montgomery*, 534 F.2d 1012 (2d Cir.1976). In that case, the court appears to have bent over backwards to avoid the harsh result of dismissal with prejudice in a case where the first dismissal was by stipulation. Neither of the Randalls' voluntary dismissals were by stipulation. The court has found no case mitigating the effect of Rule 41(a)(1) in a case where there have been two successive unilateral voluntary dismissals. Consequently,

■ IT IS HEREBY ORDERED that Merrill Lynch's motion for summary judgment is GRANTED. The court has determined that the Randalls' two voluntary dismissals of lawsuits against Merrill Lynch operated as an adjudication upon the merits of their claims, pursuant to Fed.R.Civ.P. 41(a)(1). Accordingly, subsequent efforts to litigate the merits of the Randalls' claims are barred by the "two dismissal rule". Although the Randalls contend that

the application of that rule is unduly harsh in this instance, the proper remedy is for the Randalls to move to vacate the second dismissal before the District Court for the District of Columbia rather than a third attempt to litigate the claim. *Engelhardt v. Bell & Howell Co.*, 299 F.2d 480 (8th Cir.1962); and Wright & Miller, § 2368 p. 190.

Therefore, defendants are hereby enjoined from pursuing further litigation (including their pending claim in arbitration) against plaintiff based on the same set of facts underlying their two voluntarily dismissed lawsuits until such time as the District Court for the District of Columbia vacates the second dismissal.

IT IS SO ORDERED.