Laurence E. RANDALL, et al., Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.

Civ. A. No. 85–0942.

United States District Court, District of Columbia.

May 15, 1986.

Paul H. Melbostad, San Francisco, Cal., pro hac vice, and Douglas Huron, Washington, D.C., for plaintiffs.

Laurie J. Miller, San Francisco, Cal., pro hac vice, and Stuart M. Goldberg, Washington, D.C., for defendant.

## MEMORANDUM

GASCH, District Judge.

Plaintiffs voluntarily dismissed this case in May, 1985. Currently before the Court is plaintiffs' motion to vacate that dismissal and to stay this case pending arbitration.

## I. BACKGROUND

The filing of the instant motion is the latest event in a protracted dispute arising from the plaintiffs' maintenance of securities accounts with the defendant. This dispute began in December, 1983, when plaintiffs filed their first complaint against defendant in the U.S. District Court for the Northern District of California. As amended, the complaint alleged violation of various federal securities laws and regulations, as well as breach of securities exchange rules, racketeering, and claims for breach of contract, breach of fiduciary duty, and conversion, among others. Because plaintiffs opened and maintained their accounts in defendant's Washington, D.C. office, defendant moved to transfer the case under 28 U.S.C. § 1404(a). Defendant also moved to dismiss the case.

Defendant's motion to transfer was granted on April 23, 1984, without a ruling on defendant's motion to dismiss. After plaintiffs' motion to reconsider the transfer ruling was denied, plaintiffs immediately voluntarily dismissed their case on August 13, 1984, before any proceedings in this court.

On July 31, 1984, plaintiffs filed a revised complaint in the U.S. District Court for the Eastern District of California, where they reside. This second complaint was based upon the same set of facts which gave rise to the first complaint. As before, defendant moved to transfer the case to this district and to dismiss the case for failure to state a claim. In March, 1985, the court granted the motion to transfer and held the motion to dismiss in abeyance.

After transfer, the case was assigned to this Court. On May 3, 1985, before any proceedings in this Court, plaintiffs again filed a notice of voluntary dismissal. At that time, plaintiffs were advised by their counsel that the second voluntary dismissal might have preclusive effect under the "two-dismissal" rule. That rule provides that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claims." Fed.R.Civ.P. 41(a)(1).

On July 9, 1985, plaintiffs filed a petition for arbitration with the National Association of Securities Dealers. In August, defendant filed suit in the Eastern District of California to enjoin the arbitration by reason of the two-dismissal rule. The district court granted defendant's motion for summary judgment on that basis. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Randall*, 110 F.R.D. 499 (E.D.Cal.1986). In its opinion, the court stated that "the proper remedy is for the Randalls to move to vacate the second dismissal before the District Court for the District of Columbia rather than a third attempt to litigate the claim." *Id.*, mem. at 3. Plaintiffs then filed the instant motion to vacate.

## II. DISCUSSION

Since plaintiffs' second voluntary dismissal operates as an adjudication on the merits, plaintiffs may vacate that dismissal only pursuant to Rule 60 of the Federal Rules of Civil Procedure, which permits relief from judgments in certain circumstances. This motion is brought pursuant to Rule 60(b)(6),[1] which provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time....

Rule 60(b)(6) may afford relief from a final judgment when Rules 60(b)(1) through 60(b)(5) are inapplicable and "equitable action is appropriate to accomplish justice."

---

**1.** Plaintiffs concede that their motion does not fall within Rule 60(b)(1), which concerns mistake or excusable neglect, Rule 60(b)(2), which relates to newly discovered evidence, Rule 60(b)(3), which addresses fraud, misrepresentation, or misconduct, Rule 60(b)(4), which is directed toward void judgments, or Rule 60(b)(5), which concerns satisfied judgments.

*Peacock v. Board of School Commissioners,* 721 F.2d 210, 214 (7th Cir.1983). The rule thus "was intended to preserve the 'delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Good Luck Nursing Home v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980) (quoting *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (emphasis in original)). Accordingly, the granting or denial of a Rule 60(b)(6) motion is entrusted to the sound discretion of the district court. *See Southern Pacific Communications Co. v. American Telephone & Telegraph Co.,* 740 F.2d 1011 (D.C.Cir. 1984).

Here plaintiffs cite several grounds for granting their motion. First, they note that in August, 1984, Laurence Randall suffered an "attack of acute, stress-related anxiety disorder and was certified as fully disabled by the State of California." Randall's doctors directed him not to participate in any "cross-country court litigation" because "the inherent stress could cause him much more serious physiological consequences such as a heart attack or stroke." Mr. Randall's incapacity depleted the Randalls' financial resources, leading them to conclude that "it would not be prudent for them to expend any of the remaining resources to hire a lawyer in Washington, D.C."[2]

Plaintiffs also contend that defendant would not be prejudiced if their motion to vacate were granted. Finally, plaintiffs assert that denial of their motion would deprive them of the opportunity to have the merits of their claims considered. Thus, plaintiffs conclude, their motion should be granted to avoid the harsh result that would occur if Rule 41(a)(1) were strictly applied.[3]

■ The "primary requirement" of Rule 60(b)(6) is a showing of "justification for relief from the judgment." *Harjo v. Andrus,* 581 F.2d 949, 953 (D.C.Cir.1978). Here plaintiffs have demonstrated compelling reasons for relief. Through affidavits, plaintiffs have shown that Mr. Randall suffered a disabling illness that would permit his participation in this litigation only at the risk of even greater disability. Defendant does not challenge either the fact of Mr. Randall's illness or its severity. Moreover, plaintiffs have established that Mr. Randall's illness caused a serious depletion of their assets, leaving them unable to maintain litigation in this district. Disabling illness and financial hardship previously have been accepted as grounds for granting Rule 60(b) relief. *See Klapprott v. United States,* 335 U.S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 1099 (1949).

Defendant points out that plaintiffs knew of the effect of the two-dismissal rule and of non-preclusive alternatives to voluntary dismissal. To be sure, courts have stated that Rule 60(b)(6) may not be used to relieve a party from the consequences of improvident strategic decisions or "free, calculated, deliberate choices." *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950); *see Good Luck Nursing Home,* 636 F.2d at 577. Under the circumstances confronting plaintiffs, however, it cannot be contended that their decision to terminate this case was free, calculated, or strategic. Rather, their decision was precipitated by events beyond their control. Furthermore, any of the suggested alternatives to voluntary dismissal would have required some additional

---

**2.** Mr. Randall apparently recovered from his anxiety attack and was allowed by his doctors to return to work in November, 1985. Plaintiffs therefore now have sufficient funds to permit their retention of Washington, D.C. counsel for purposes of bringing the instant motion.

**3.** Plaintiffs do not, and cannot, directly attack the propriety of the California district court's

application of the two-dismissal rule. Plaintiffs did not appeal that court's ruling, so it constitutes "the law of the case." *See United States v. U.S. Smelting Refining and Mining Co.,* 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750 (1950); *National Souvenir Center v. Historic Figures, Inc.,* 728 F.2d 503, 510 n. 3 (D.C.Cir.), *cert. denied,* 469 U.S. 825, 105 S.Ct. 103, 83 L.Ed.2d 48 (1984).

litigation that plaintiffs simply could not afford.

 An additional matter to be considered is whether the opposing party will be unfairly prejudiced by Rule 60(b) relief. *See Jackson v. Washington Monthly Co.,* 569 F.2d 119, 122 (D.C.Cir.1977). Defendant claims that it would suffer prejudice because it would be required to expend additional time and money to contest plaintiffs' claims. The mere cost of litigation, however, does not constitute unfair prejudice for Rule 60(b) purposes. *See Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984).

 The Court also notes the well-established principle favoring resolution of cases on their merits. *See, e.g., Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980). This "preference for disposition of cases on their substantive merits" requires that a judgment "disposing of a case without consideration of the merits," such as through operation of the two-dismissal rule, be treated somewhat differently for Rule 60(b)(6) purposes. 7 J. Moore, *Moore's Federal Practice* ¶ 60.27[2], at 60–280 (1985 ed.). The court of appeals has recognized this concern:

> Although relief under Rule 60(b) is discretionary with the trial court, we think that the liberal spirit of the rule, together with the basic policy favoring resolution of litigation on the merits requires us to review closely the exercise of that discretion in cases ... where the denial of the motion has precluded consideration of the merits of the controversy.

*Spann v. Commissioners,* 443 F.2d 715, 716 n. 1 (D.C.Cir.1970) (per curiam). As such, the lack of any decision on the merits of plaintiffs' claims, when viewed in light of the circumstances leading to the second voluntary dismissal, provides further support for Rule 60(b) relief.

The Court does not believe that granting plaintiffs' motion will subvert the purpose of the two-dismissal rule. That rule is intended to "prevent an unreasonable use of dismissal" that might otherwise allow a plaintiff to harass a defendant through repeated filing of lawsuits. 5 J. Moore, *Moore's Federal Practice* ¶ 41.04, at 42 (1985 ed.); *see Engelhardt v. Bell & Howell Co.,* 299 F.2d 480, 483 (8th Cir.1962). There is no evidence of harassment in this case. To the contrary, the record indicates that, upon transfer of each of the two cases to this district, the plaintiffs promptly notified defendant of their intention not to pursue the litigation in this forum. This notification was an effort to prevent defendant from incurring any unnecessary costs in connection with the litigation. Plaintiffs' conduct thus is a far cry from the type of harassment that Rule 41(a)(1) was designed to address.

The Court's review of the above-noted circumstances leads it to conclude that plaintiffs have demonstrated the "exceptional circumstances" necessary to justify Rule 60(b)(6) relief. *See Good Luck Nursing Home,* 636 F.2d at 577 n. 1. The remaining question is whether plaintiffs made their motion within the "reasonable time" required by the rule. What constitutes a reasonable time depends upon the facts of the case. *See Smith v. Secretary of HHS,* 776 F.2d 1330 (6th Cir.1985). In this case, plaintiffs made their motion within one year after their second voluntary dismissal and less than three months after the district judge in California concluded that the two-dismissal rule barred arbitration of their claims. Under these circumstances, the Court concludes that plaintiffs' motion is timely.

The Court therefore rules that plaintiffs' motion must be granted and the second voluntary dismissal vacated. Because the parties have not fully briefed the question of whether this action should be stayed pending arbitration, the Court grants each party leave to file memoranda on that issue by May 30, 1986.