Eduardo HILL and Sharon Thompson Hill, Plaintiffs-Appellants Cross-Appellees,

v.

McDERMOTT, INC., Defendant-Appellee Cross-Appellant.

No. 87–3019

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1987.

Samuel R. Exnicios, Liska, Exnicios & Nungesser, Gerald A. Stewart, New Orleans, La., for plaintiffs-appellants cross-appellees.

Maurice C. Hebert, Jr., David M. Flotte, Hebert, Mouledoux & Bland, New Orleans, La., for defendant-appellee cross-appellant.

Before RUBIN, REAVLEY, and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A seaman appeals the refusal of the district court to grant his motion, under Federal Rule of Civil Procedure 60(b), seeking relief from the dismissal of his admiralty claims. Finding that the district court acted within its discretion, we affirm its denial of the motion.

## I.

Eduardo Hill, a citizen of Honduras, was allegedly injured while working as a marine engineer aboard a McDermott International vessel, off the coast of India. He subsequently filed this suit under the Jones Act[1] and general maritime law, seeking damages for personal injury and loss of wages. Sharon Thompson Hill, who became divorced from Eduardo Hill some time after the date of injury, joined the suit, seeking damages for loss of consortium.

McDermott moved for dismissal or summary judgment on the ground that an amendment to the Jones Act adopted in 1982 bars actions for injuries to individuals engaged in offshore oil production who are not citizens or permanent resident aliens of the United States.[2] Hill responded that,

---

1. 46 U.S.C. § 688 (1985).

2. 46 U.S.C. § 688(b) states:

while he was not a permanent resident alien according to the Immigration and Naturalization Service when the injury occurred, he maintained a home in Louisiana and therefore had sufficient contacts with the United States to qualify as a permanent resident alien for purposes of the Jones Act.

After hearing oral argument, the district court held that, because Hill was not a permanent resident alien for purposes of United States immigration and naturalization laws, he was not a permanent resident alien for purposes of the Jones Act. The court continued the matter for two motion days, giving the parties more than a month to clarify whether Hill might nevertheless be covered by United States maritime law because he was injured beyond the continental shelf of India [3] or because India did not afford an adequate remedy for his injury.[4] The court also granted Hill leave to assert claims under diversity jurisdiction or under the laws of India.

McDermott filed a supplemental memorandum responding to the court's questions and to Hill's assertion of diversity jurisdiction. Hill neither filed a supplemental memorandum nor appeared at the second summary judgment hearing, following which the district court dismissed all claims brought under the Jones Act, any other United States maritime law, or diversity

jurisdiction. Relying on the doctrine of forum non conveniens, it also dismissed any claims brought under the laws of India provided that McDermott would submit to the jurisdiction of an Indian court.

Hill took no appeal but, represented by new counsel, filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), nine months after the time for filing an appeal had passed. McDermott, in turn, moved for sanctions under Federal Rule of Civil Procedure 11. The district court denied both motions.

## II.

■ Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party of a final judgment because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud; because the judgment is void or no longer deserving of prospective application; or for any other reason justifying relief.[5] Ordinarily, Rule 60(b) is not to be used as a substitute for, or alternative to, appeal.[6] A party may not, therefore, invoke Rule 60(b) to avoid the expiration of the time for appeal.[7]

■ Through his Rule 60(b) motion, Hill simply sought reconsideration of his claims by the district court, without indicating any change in circumstances. The proper way

(1) No action may be maintained under subsection (a) of this section or under any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action if the incident occurred—

   (A) while that person was in the employ of an enterprise engaged in the exploration, development, or production of offshore mineral or energy resources ... and
   (B) in the territorial waters or waters overlaying the continental shelf of a nation other than the United States. . . .

**3.** 46 U.S.C. § 688(b)(1)(B) (1985).

**4.** 46 U.S.C. § 688(b)(2)(A) (1985).

**5.** Rule 60(b) provides in part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**6.** *Alvestad v. Monsanto Co.,* 671 F.2d 908, 912 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.18[8], at 60–140 to –141 (2d ed. 1985).

**7.** *Alvestad,* 671 F.2d at 912.

to challenge these rulings was through a timely appeal, not a Rule 60(b) motion after the time for appeal had elapsed.[8]

■ Rule 60(b)(1) does allow relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record.[9] Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate [10] or when the judicial error involves a fundamental misconception of the law.[11] Moreover, we have frequently allowed Rule 60(b)(1) motions to correct judicial error when the motion was filed within the time for appeal [12] because a Rule 60(b)(1) motion filed within the time for appeal saves the parties and the court the time and expense of a needless appeal.[13]

■ None of the errors asserted is the kind of "obvious mistake of law" referred to in our prior opinions. Hill contends that 46 U.S.C. § 688(b) was not meant to exclude a seaman from the coverage of maritime law. The section however excludes all "persons[s] ... in the employ" of enterprises engaged in mineral production off the coast of a foreign country, without differentiating those who are seamen from those who are not. Whether or not the statutory reference to permanent resident aliens is restricted to those so recognized in the immigration laws we need not now determine, for the decision that the term is thus defined is not so obviously in error as to permit invocation of Rule 60(b)(1). The record contains no evidence that Hill lacks an available remedy in India; indeed, there is evidence that such a remedy exists. Fi-

nally, even if the district court erred in declining to exercise jurisdiction over any claims under Indian or world maritime law after balancing the forum non conveniens factors,[14] there is no indication that the mistake reflected a fundamental misconception of the controlling law.

Hill observes that, while the standard of review for denial of a Rule 60(b) motion is abuse of discretion, when a judgment disposes of a case without a full examination of its merits, even a slight abuse of discretion may justify reversal.[15] Thus, when a party is not afforded a fair opportunity to present a sufficiently meritorious defense, Rule 60(b) relief is appropriate.[16] Similarly, the inability of a party to press its case because of a disabling illness may also serve as a basis for relief under Rule 60(b).[17] Here, however, Hill was afforded ample opportunity to present his arguments before the district court, and those arguments were, in large part, made.

### III.

■ Hill also invokes Rule 60(b)(4), on the basis that the district court's judgment was void for lack of jurisdiction. A judgment is void on jurisdictional grounds if the court lacked jurisdiction over the subject matter or over the parties.[18] Hill does not contend that the district court could not entertain Jones Act claims or that personal jurisdiction over either party was lacking. He takes the position that, because § 688(b) was adopted for the benefit of domestic corporations, it cannot be used for the benefit of foreign corporations like McDermott. This is not a question of juris-

**8.** *Id.*

**9.** *Id.; Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977).

**10.** *Alvestad,* 671 F.2d at 912.

**11.** *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

**12.** *FDIC v. Castle,* 781 F.2d 1101, 1105 (5th Cir. 1986); *Meadows v. Cohen,* 409 F.2d 750 (5th Cir.1969); *McDowell v. Celebrezze,* 310 F.2d 43 (5th Cir.1962); 7 J. Moore & J. Lucas, *supra* note 6, ¶ 60.22[3], at 60–191.

**13.** *McDowell,* 310 F.2d at 44; 7 J. Moore & J. Lucas, *supra* note 6, ¶ 60.22[3], at 60–186.

**14.** *See, e.g., Gulf Oil v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

**15.** *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604 (5th Cir.1986); *Seven Elves,* 635 F.2d at 402.

**16.** *Seven Elves,* 635 F.2d at 403.

**17.** *Randall v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 110 F.R.D. 342, 344 (D.D.C.1986).

**18.** *United States v. 119.67 Acres of Land,* 663 F.2d 1328, 1331 (5th Cir. Unit A Dec. 1981).

diction but a rephrasing of the argument that the district court improperly applied § 688(b) to Hill.

 Hill also complains that he was denied due process because he never had a jury or bench trial. A summary judgment reached in accordance with Federal Rule of Civil Procedure 56, however, satisfies the requirements of due process.[19]

### IV.

McDermott cross-appeals the denial of its request for sanctions under Federal Rule of Civil Procedure 11, and seeks attorneys' fees under 28 U.S.C. § 1927 (1982) and costs under Federal Rule of Appellate Procedure 38. While Hill has persisted in what is now obviously a losing case, we cannot say that his arguments were frivolous.

We therefore simply AFFIRM the district court judgment.

---

19. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).