UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40203
_____

In The Matter Of:  DANIS R. TUCKER,
doing business as Ralph's Foods Co.,
doing business as Laredo Spice Co.,
doing business as Pepper Tree Foods,
doing business as Nevada Converting
Company, doing business as Silver
State Bookkeeping, doing business as
Fifth Avenue Fashions, doing business
as B.G. Tucker,

                                                    Debtor.

*****************************************

BEVERLY TUCKER,

                                                    Appellant,

                        versus

ROBERT C. WOLTER, Attorney; DEBRA J. GREER,
Attorney; LAW FIRM OF WOOD, BOYKIN & WOLTER,
a Professional Corporation; MICHAEL DAVID BOUDLOCHE,

                                                    Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-98-CV-389)
_____

March 6, 2000

Before JOLLY and DeMOSS, Circuit Judges, and DOWD,[*] District Judge.

PER CURIAM:[**]

_____

[*]District Judge of the Northern District of Ohio, sitting by
designation.

    Pursuant to 5TH CIR.  R.  47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beverly Tucker appeals the denial of her Rule 60(b) motion by the district court and the bankruptcy court. Her motion sought to set aside a summary judgment granted by the bankruptcy court, which denied her legal malpractice claim against the appellees' attorneys on grounds that the underlying facts supporting her malpractice claim have been litigated and resolved earlier in the bankruptcy proceeding. Unfortunately, she did not receive notice of the bankruptcy court's order issued on March 12, 1997 until April 16, 1997, because the bankruptcy court failed to list her as a person entitled to notice of the order. Everyone agrees that her failure to receive the order was not her fault. The next day, April 17, she filed a motion asking the court to allow an out-of-time appeal. However, because untimely appeals may be allowed only within twenty days of the expiration of the ten-day period for appeal, see Federal Bankruptcy Procedure 8002(c), the bankruptcy court was powerless to allow the appeal because thirty-six days had expired after the bankruptcy court had entered its order. In other words, although it would appear that Beverly Tucker is clearly entitled to equitable considerations, the courts, including this court, are powerless to grant her equitable relief in the form of an out-of-time appeal, which we take from her brief she is effectively requesting.

Furthermore, we must keep in mind that the appeal before us is from a judgment denying relief under Rule 60(b). Federal Rule of Civil Procedure 60(b) permits a trial court to relieve a party of

2

a final judgment because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud; or because a judgment is void or no longer deserving of prospective application; or for any other reason justifying relief. See Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987). This rule originated in response to the "plaintive cries of parties who have for centuries floundered . . . among the snares and pitfalls of the ancillary common law and equitable remedies." Banker's Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 90 S.Ct. 2242 (1970). Thus, Rule 60(b) is primarily an instrument of equitable relief. It is not to be "made a vehicle for the relitigation of issues." Id. at 79. Nor is it to be used as a substitute for, or alternative to, appeal. See Hill v. McDermott, Inc., 827 F.2d at 1042 (citing Alvestad v. Monsanto Co., 671 F.2d 908, 912 (5th Cir.) 1982)); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981); 7 J. Moore & Lucas, Moore's Federal Practice ¶ 60.18[8] at 60, 140-41 (2d ed. 1985). Therefore, a party may not invoke Rule 60(b) to avoid the expiration of the time for appeal or to simply seek reconsideration of claims. Id.

Ms. Tucker fails to make any claim in her brief that would entitle her to relief under Rule 60(b). Her brief states as follows: "The issues in this case are all legal. The specific issue which has brought forth this appeal revolve around the Bankruptcy Court's denial of Appellant's Rule 60b Motion to Vacate

3

a Summary Judgment, which Appellees admit was **not** sent to her by the Court in time to initiate an appeal."

In sum, because none of the arguments made by Ms. Tucker fall within the purview of relief available under Rule 60(b), the district court's judgment affirming the bankruptcy court's decision denying relief from judgment under Rule 60(b) is

A F F I R M E D.

4