UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10011

_____


TEDDY ROBINSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:98-CV-127-C)
_____

August 14, 2001

Before DAVIS and JONES, Circuit Judges, and BARBOUR[*], District
Judge.


PER CURIAM:[**]

        Teddy Robinson, Texas prisoner # 506648, appeals the

district court's denial of his motion under Federal Rule of Civil

---

[*]     District Judge for the Southern District of Mississippi, sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 60(b)(1). Because we find that the district court's denial of Robinson's motion was neither in obvious conflict with any clear statutory mandate nor a fundamental misconception of the law, we hold that the district court did not abuse its discretion and affirm.

The procedural posture of this case is somewhat convoluted. In December 1988, Robinson was convicted by a Texas jury of first degree murder and sentenced to 99 years imprisonment. On May 14, 1998, Robinson filed a 28 U.S.C. § 2254 application for a federal writ of habeas corpus. Robinson argued that although his § 2254 application was filed more than a year after the Antiterrorism and Effective Death Penalty Act ("AEDPA") went into effect, it should not be treated as time-barred because, *inter alia*, the prison law library's failure to obtain a copy of AEDPA until April 14, 1997 constituted a state-created impediment that prevented the filing of a timely application. Robinson argued that AEDPA's one-year limitations period on the filing of habeas applications should be equitably tolled in recognition of his lack of access to AEDPA. The district court dismissed the § 2254 application as time-barred, noting that Robinson had failed to show circumstances sufficient to warrant equitable tolling. Robinson next filed a motion for a Certificate of Appealability ("COA") in

the district court, which was denied. Robinson's motion for COA was subsequently also denied by this court.

Robinson's next tactic was to invoke Federal Rule of Civil Procedure 60(b) in an effort to have the judgment of dismissal against his § 2254 application set aside.[1] The district court denied Robinson's Rule 60(b) motion and then construed Robinson's notice appeal as an application for COA, which it denied.

Finally, this court granted a COA on the issues of whether the prison library's failure to obtain a copy of AEDPA until April of 1997 either warranted equitable tolling or constituted a state-created impediment within the meaning of 28 U.S.C. § 2244(d)(1)(B). See Robinson v. Johnson, No. 00-10011 (5th Cir. Sept. 26, 2000)(unpublished). Thus, this court must review the district court's denial of Robinson's Rule 60 (b) motion.

The denial of a Rule 60(b) motion is examined for abuse of discretion, such that "[i]t is not enough that the granting of relief might have been permissible, or even warranted, denial must have been so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

---

[1]Fed. R. Civ. P. 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .

In this circuit Rule 60(b) may be invoked "only to rectify an obvious error of law, apparent on the record." Hill v. McDermott, 827 F.2d 1040, 1043 (5th Cir. 1987). Thus, Rule 60(b)(1) "may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law." Id. As a sister circuit has observed, the denial of a Rule 60(b) motion by the district court will be reversed on appeal "only if we find a complete absence of a reasonable basis and are certain that the district court's decision was wrong." Johnston v. Cigna, 14 F.3d 486, 497 (10th Cir. 1993).

Proper invocation of Rule 60(b) therefore presents a very high bar which Robinson does not clear. First, Robinson's argument that the lack of AEDPA in the prison library warrants equitable tolling is clearly foreclosed by this court's decision in Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir. 2000). We noted that lack of immediate access to AEDPA in a prison library is "not among those 'rare and exceptional' conditions that warrant deviation from both the express rules Congress has provided and the grace-period we have already granted prisoners whose convictions were final before AEDPA's effective date. To hold otherwise would characterize as 'rare and exceptional' circumstances that countless other prisoners could claim as their own." Felder, 204 F.3d at 173.

4

Second, the district court's holding that the lack of AEDPA in the prison library did not create a state created impediment within the meaning of § 2244(d)(2) is not the sort of fundamental mischaracterization of the law requiring reversal of its denial of Robinson's Rule 60(b) motion. While there is authority from one circuit that the lack of AEDPA in a prison library *may* constitute a state created impediment,[2] the decisions of this court do not support that position. A panel of this court recently determined that the absence of AEDPA from a prison library was not a state-created impediment where the petitioner was aware of the existence of the statute but did not know its specifics. See Balawajder v. Johnson, No. 99-10807 (5th Cir. April 5, 2001)(unpublished). This court has also repeatedly held that an inadequate prison law library does not constitute a "rare and exceptional circumstance" warranting equitable tolling. See Felder, 204 F.3d at 171-73; Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 713-14 (5th Cir. 1999). While none of these cases directly addresses the state created-

---

[2]   In the case of Whalem/Hunt v. Early, a panel of the Ninth Circuit initially determined on the facts that the petitioner's lack of access to AEDPA was not responsible for the untimeliness of his habeas petition and that, as such, no state-created impediment existed.  204 F.3d 907, 909 (9th Cir. 1999).  However, the *en banc* Ninth Circuit subsequently reversed the panel, holding that there are circumstances in which an inadequate prison law library can constitute a state-created impediment and remanding the case to the district court for further fact finding to determine if this case presented such a situation.  See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).  We are not aware of any other cases that have addressed the state-created impediment argument in the context of prison libraries.

impediment argument, it would be incongruous to hold that the absence of AEDPA from a prison library does not justify equitable tolling but does constitute an impediment requiring such tolling. The district court's construction of the law was thus reasonable and not an abuse of its discretion.

Because in denying Robinson's Rule 60(b)(1) motion the district court did not so misconstrue the law as to constitute an abuse of its discretion, we affirm.

**AFFIRMED.**