

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2005

# Hess v. Kunkle

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hess v. Kunkle" (2005). *2005 Decisions.* Paper 780.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/780

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-228                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1248
_____

CHRISTOPHER HESS,
Appellant

v.

* JEAN KUNKLE, Correspondence Clerk, Carlisle Regional Medical Center;
CYNTHIA HUNTER, Director, Health Information Management, Carlisle Regional
Medical Center; SUSAN J. PARSON, Notary Public, Carlisle Regional Medical Center;
JOSEPH A. RICCI, Legal Counsel, Carlisle Regional Medical Center; DARRELL
DETHLEFS, Attorney, Appointed by Common Pleas Court, Cumberland County

* (Amended Per Clerk's Order of 2/07/05)
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01876)
District Judge: Sylvia H. Rambo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 28, 2005

Before:  ALITO, MCKEE AND AMBRO, CIRCUIT JUDGE

(Filed July 26, 2005)
_____

OPINION
_____

PER CURIAM

        Appellant Christopher Hess, a state prisoner proceeding pro se, appeals the order

of the United States District Court for the Middle District of Pennsylvania denying his motions filed pursuant to Fed. R. Civ. P. 60(b) and 28 U.S.C. § 455(a). For the reasons that follow, we will dismiss the appeal as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

Because we write for the parties, we will briefly summarize only those facts essential to our disposition of this appeal. In 2003, Hess initiated the underlying 42 U.S.C. § 1983 action in the District Court for the Middle District of Pennsylvania.[1] Hess alleged that Jean Kunkle, Cynthia Hunter, Susan J. Parson, Joseph A. Ricci, and Darrell Dethlefs (collectively, "the defendants") violated his First and Fourteenth Amendment rights during his 2001 to 2002 post-conviction proceedings. Hess also asserted a claim of legal malpractice against defendant Dethlefs, who had been appointed to represent Hess in 2001 during his post-conviction proceedings. Hess sought compensatory and punitive damages. On July 20, 2004, after allowing Hess to amend his complaint, District Court Judge Rambo entered an order granting the defendants' motions to dismiss for lack of subject matter jurisdiction on the ground that Hess' claims were barred by the Rooker-Feldman doctrine.[2] Hess did not file an appeal from the District Court's July 20 order.

---

[1] Approximately one month before Hess filed this § 1983 action, he filed a 28 U.S.C. § 2254 petition in the District Court. See Hess v. Tennis, et al., M.D. Pa. Civ. No. 03-cv-01668. Hess' habeas petition was initially assigned to District Court Judge Rambo. However, on December 28, 2004, Judge Rambo recused herself from Hess' habeas proceedings because "some of the respondents were either [her] close friends or former associates."

[2] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

On January 11, 2005, Hess filed a motion pursuant to Fed. R. Civ. P. 60(b) in which he argued that: (1) the District Court erred in finding his claims against defendants Kunkle, Hunter, Parson, and Ricci barred by the Rooker-Feldman doctrine; and (2) assuming that his claims against Dethlefs were barred by the Rooker-Feldman doctrine, the District Court should have permitted him to withdraw those claims rather than dismissing his entire action.[3]  Hess also filed a motion to recuse pursuant to 28 U.S.C. § 455(a), citing various rulings made by Judge Rambo as evidence that she was "prejudiced" against him.  By order entered on January 18, 2005, Judge Rambo denied both motions.  Hess has timely appealed this order.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  We review the denial of a Rule 60(b) motion and a judge's decision not to recuse under § 455(a) for abuse of discretion.  See In re Cendant Corp. PRIDES Litig., 234 F.3d 166, 170 (3d Cir. 2000); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).  Because Hess' appeal lacks arguable merit in law or fact, we will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court was correct that Hess cited no proper basis for relief under Rule 60(b), and thus we find no abuse of discretion in the District Court's refusal to vacate its

---

[3]  The January 11 Rule 60(b) motion was Hess' second.  He filed his first unsuccessful Rule 60(b) motion on December 23, 2004.

July 20, 2004, order. Significantly, it is well-established that "Rule 60(b) is not to be used as a substitute for, or alternative to, appeal. A party may not, therefore, invoke Rule 60(b) to avoid the expiration of the time for appeal." Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987) (citations omitted); see also Page v. Schweiker, 786 F.2d 150, 154 (3d Cir. 1986) (noting that "were the rule otherwise, the time limitations on appeal set by Fed. R. App. P. 4(a)(4), and on motions to alter or amend judgments under Fed. R. Civ. P. 59(e), would be vitiated"). Insofar as Hess now seeks review of the District Court's decision to dismiss his complaint for lack of subject matter jurisdiction, his time to appeal that decision expired long before he filed the Rule 60(b) motion. Hess simply cannot seek review of the District Court's July 20, 2004, order through an appeal of the denial of his Rule 60(b) motion. Moreover, to the extent that Hess asserted in his Rule 60(b) motion that the District Court committed legal error in dismissing his complaint, such error does not by itself warrant the application of Rule 60(b). See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004). Accordingly, the District Court did not abuse its discretion in denying Hess' Rule 60(b) motion.

Likewise, the District Court did not abuse its discretion in denying Hess' recusal motion. Under § 455, a judge must recuse where her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Although Hess cited various rulings made by Judge Rambo to support his claim that she was "prejudiced" against him, unfavorable rulings do not form an adequate basis for recusal. See Securacomm, 224 F.3d at 278. Moreover, we

4

find nothing in the record to suggest "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Nor do we perceive any facts from which a reasonable person would conclude that the impartiality of Judge Rambo might reasonably be questioned. See Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987). Although Judge Rambo did recuse herself from Hess' pending habeas petition, she did so because some of the respondents named in that action were either her friends or associates. However, as Judge Rambo explained, no such conflict existed here. Accordingly, we discern no abuse of discretion in the District Court's denial of Hess' recusal motion.

For the foregoing reasons, we will dismiss the appeal as frivolous.