# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2022

Lyle W. Cayce
Clerk

No. 22-30067

Sloane Roberts,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Louisiana, L.L.C.; Jason Hebert, in his individual & official capacity; Jeffery Credeur; Sonny Stutes, individually & in his official capacity; Sammy Inzarrella; Jason Haines; Tony Hardy, Individually; Brannon Decou, Individually,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-cv-119

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:

Before the Court is an appeal concerning denial of a Rule 60 motion for relief from judgment. For the reasons that follow, the judgment of the district court is AFFIRMED.

No. 22-30067

## I. Background

In 2015, Sloane Roberts sued Wal-Mart and several members of law enforcement for purported injuries relating to her arrest and incarceration in 2010. In response to motions to dismiss filed by the defendants, Judge Rebecca Doherty dismissed all asserted federal claims with prejudice and all asserted state-law claims without prejudice. Roberts did not appeal the dismissal.

In 2021, the Clerk of the Western District of Louisiana contacted the parties to inform them that Judge Doherty had owned stock in Wal-Mart while presiding over this case. Under 28 U.S.C. § 455(b)(4), Judge Doherty ought to have recused herself. On this basis, Roberts filed a motion for relief from judgment under Federal Rule of Civil Procedure 60 seeking a voided judgment and a new trial.

Judge Robert Summerhays was assigned the reopened case. While Roberts argued that the failure to recuse made the judgment "void" and that it should be vacated under Rule 60(b)(4), Judge Summerhays correctly applied precedent and construed the motion as arising under Rule 60(b)(6). Judge Summerhays found that the failure to disqualify was harmless and denied the motion. Roberts filed a timely notice of appeal, and we review.

## II. Law & Analysis

"Section 455 does not, on its own, authorize the reopening of closed litigation." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). In the § 455(a) context, however, the Supreme Court has held that Rule 60(b)(6) relief be analyzed according to these three factors: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. As "relief is ... neither categorically available nor categorically unavailable for all § 455[] violations,"

*ibid.*, Judge Doherty's failure to recuse does not automatically render her judgment void. We have instead evaluated failures to recuse under §§ 455(a) and (b) by determining whether or not the error was "harmless" through the lens of the *Liljeberg* factors. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003).

We review Rule 60(b) decisions for abuse of discretion. *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 800 (5th Cir. 2002). Applying that standard, we see no abuse in the district court's determinations below. Judge Summerhays ably and succinctly applied the *Liljeberg* factors to the controversy. On fresh review, we conclude likewise that after "a careful study … of the merits," there is no "risk of injustice to the parties in th[is] particular case." *Liljeberg*, 486 U.S. at 868, 864. Judge Doherty's ruling was based on firm legal principles, there is no evidence of bias or favor, and Roberts neither appealed Judge Doherty's decision at the time nor refiled her state law claims in state court within the time permitted her. Had Roberts appealed Judge Doherty's dismissal of the case, she would have received a fair, impartial *de novo* review. *See Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).

As in *Patterson*, we find that "our holding that Judge [Doherty] erred by failing to stand recused will serve as a cautionary note to future district court[]" judges who may likewise have financial interests in a case. *Patterson*, 335 F.3d at 486. That cautionary note, combined with the *de novo* standard of review for grants of motions to dismiss and the fact-intensive nature of the ruling, suggests that this denial is unlikely to produce injustice in other cases. Finally, we note in concert with *Patterson* that the public's faith in the judicial system may be more undermined by vacating a straightforwardly correct decision like Judge Doherty's, given the passing of time and Roberts' original decision neither to appeal nor to refile. *See id.* That the case was reopened and reviewed by both an independent district judge and a panel of this court

will likewise reassure the public that the federal judicial system takes its recusal obligations seriously. Therefore, Judge Doherty's error was harmless.

### III. Conclusion

There is no dispute that Judge Doherty should have recused herself from this case. Our review, however, is not of Judge Doherty's unfortunate mistake but of Judge Summerhays' decision to deny the resultant motion to vacate. As we find no error in his denial, we AFFIRM the judgment of the district court.