# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-51099
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2023

Lyle W. Cayce
Clerk

John D. Ferrara,

*Plaintiff—Appellant*,

*versus*

Terry Jay Wallace, Sr., *Veterans Affairs Police Chief*; Jeffrey B. Barnett, *Police Chief - City of Kyle*; Edward Sandoval, *Cameron County District Attorney's Office*; Pete Sepulveda, Jr., *County Administrator*; City of Kyle; Et al.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-1128

———————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Ferrara brings a § 1983 action alleging a variety of claims. The district court dismissed the case and denied Ferrara's subsequent Rule 60(b) motion. Ferrara appeals this denial. We AFFIRM.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

On September 22, 2020, Plaintiff-Appellant John Ferrara, proceeding pro se and in forma pauperis, filed an action under 42 U.S.C. § 1983 alleging various constitutional claims against Defendants-Appellees. He subsequently amended this complaint. Although his live complaint is difficult to follow, Ferrara's claims appear to stem from his January 2019 arrest, his subsequent prosecution, his December 2019 "no contest" plea, and his September 2020 motion in Cameron County Court to change his plea.

On January 7, 2021, the magistrate judge recommended dismissal of Ferrara's case, in part because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court adopted the magistrate judge's recommendation in full on January 29, 2021. Ferrara then filed three additional cases against various Defendants-Appellees; two of these cases were dismissed as frivolous, and the magistrate judge in the last (fourth) case recommended dismissal on res judicata grounds on October 28, 2022. To avoid dismissal of his fourth case, Ferrara filed a motion in the instant (first) case requesting modification of the January 29, 2021 judgement under Rule 60(b) as to claims related to the City of Kyle. In this motion, he asserted that *Heck* no longer barred his claims due to various events in 2022:

> On or about January 28, 2022, a matter tied to the claims presented in this venue has ended in [Ferrara's] favor. Further on or about May 23, 2022, an agreed order was signed to grant the Pro Tem assigned to the cause to remove said office from any further proceedings related to [Ferrara]. In the agreed order, the Pro Tem stated the office met the obligations of the State and the duty to perform any further actions was concluded. On or about May 31, 2022, the bail bond [Ferrara] was subjected too [*sic*] was removed and dissolved.

The district court denied this motion, holding that "Plaintiff does not argue or establish that his 2019 conviction has been invalidated and does not

present facts or arguments that would show that the underlying conclusion that this case is barred by *Heck* was incorrect." Ferrara timely appeals.

Ferrara appeals the district court's denial of this motion to modify the judgment under Rule 60(b)(5) and (6). "We review Rule 60(b) decisions for abuse of discretion." *Roberts v. Wal-Mart La., L.L.C.*, 54 F.4th 852, 854 (5th Cir. 2022). Rule 60(b)(5) allows the court to relieve a party from a final judgment when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). And Rule 60(b)(6) is a "a residual or catch-all provision," *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993), where relief "will be granted only if extraordinary circumstances are present," *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Ferrara has not shown circumstances evincing an abuse of discretion under either Rule 60(b) provision, even under the more liberal standard afforded to pro se litigants. On appeal, he first mischaracterizes the district court's order denying his motion as "agree[ing] that facts have changed and remov[ing] language previously listed in the initial [January 29, 2021] judgement." The order reveals no such agreement or removal. Instead, the district court held that Ferrara had not shown that the underlying 2019 conviction had been invalidated as required to prevent dismissal of the underlying case under *Heck*. 512 U.S. at 486–87. On appeal, Ferrara concedes that his claims arising out of the January 2019 matter are barred by *Heck*.

Ferrara's other arguments fare no better. His unsubstantiated assertions concerning various events in 2022 are insufficient to show that the underlying 2019 conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

We also do not credit Ferrara's argument that the 2022 events that preceded his Rule 60(b) motion involved the validity of a separate May 2020 arrest for felony stalking (i.e., not the 2019 events he concedes are subject to the *Heck* bar). Construing his arguments liberally, Ferrara seems to aver that the claims in this case relevant to the City of Kyle are not barred by *Heck* because they stem from this May 2020 arrest, which he alleges was invalidated in 2022. It is not clear that he made these arguments in the district court, but regardless, his argument is unavailing on the merits. Ferrara has not presented any evidence indicating that his May 2020 arrest was in fact invalidated. Even assuming that it was, Ferrara's May 2020 arrest does not form the basis for his claims in this case. The live complaint lists only his 2019 arrest, his 2019 prosecution, and his 2019 plea as events that gave rise to his claims; other filings also treat the 2019 events as the primary events that underlie his § 1983 claims.

Thus, we are not persuaded that the complaint or any subsequent pleadings evince § 1983 claims arising out of the May 2020 arrest. Even if they did, Ferrara has not shown that the May 2020 arrest was invalidated to preclude the application of *Heck*. Instead, as the district court correctly determined, this § 1983 suit arises out of Ferrara's January 2019 conviction, which Ferrara has not shown was invalidated. Accordingly, the district court correctly applied *Heck* to dismiss Ferrara's underlying § 1983 litigation and acted within its discretion in denying his Rule 60(b) motion arguing for a contrary result.

For the foregoing reasons, we AFFIRM.