# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-30420

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2026

Lyle W. Cayce
Clerk

Devin Thibodeaux; Herby Angelle,

*Plaintiffs—Appellees*,

*versus*

Adam Bernhard, *individually on behalf of* Kenneth W. Bernhard, *agent of* Kerkas, L.L.C.; Kenneth W. Bernhard; Kerkas, L.L.C.; Seth Bernhard, *individually and acting on behalf of* Kenneth W. Bernhard and Kerkas L.L.C.,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CV-61

---

Before Jones, Clement, and Richman, *Circuit Judges*.

Per Curiam:[*]

In this appeal of the district court's denial of a Federal Rule of Civil Procedure 60(b)(1) motion, Appellants ask us essentially to revisit findings pertinent to a previous appellate confirmation that admiralty jurisdiction existed over the parties' dispute. *See Thibodeaux v. Bernhard*, No. 23-30405,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30420

2024 WL 3181458 (5th Cir. June 26, 2024).    We decline to do so.
AFFIRMED.

## BACKGROUND

Lost Lake is a small inland body of water located on private property owned by Appellants ("the Bernhards") in Louisiana.  For a portion of the year, Lost Lake connects to the Atchafalaya River.  In January 2020, Appellees Devin Thibodeaux and Herby Angelle ("the Fishermen") attempted to crawfish at Lost Lake.  Appellant Seth Bernhard called a police officer who issued the Fishermen citations for trespassing.

The Fishermen sued the Bernhards for conversion and unlawfully preventing the harvest of crawfish.  The Bernhards moved to dismiss for lack of subject matter jurisdiction.  The district court denied the motion, finding that "Lost Lake is a navigable waterway providing this Court with admiralty jurisdiction."  The Bernhards appealed.

This court affirmed, holding that the "district court may exercise its admiralty jurisdiction over a tort that occurred in a lake within Louisiana's Atchafalaya Basin."  *Thibodeaux*, 2024 WL 3181458, at *1.  More specifically, this court affirmed the district court's findings that

> (1) the Lost Lake area is and has historically been used to commercially harvest crawfish on small watercrafts; (2) though temporary, Lost Lake's accessibility from the Atchafalaya River coincides with the most commercially viable period for crawfishermen; and (3) Lost Lake is connected to the Atchafalaya River through a ten to twenty foot wide drainage canal.

*Id.* at *6.

Back at the district court, the Bernhards filed a motion for summary judgment.  The Bernhards again argued that the court does not have

admiralty jurisdiction. On June 10, 2025, the district court granted the Bernhards' motion on the merits and dismissed the Fishermen's claims with prejudice. It declined to engage substantively with the Bernhards' newly offered evidence supporting its jurisdictional argument. On July 24, 2025, the Bernhards filed a Rule 60(b) motion for relief. They argued that the district court made a mistake by not addressing the merits of the jurisdictional argument. The district court summarily denied this motion, and the Bernhards appealed.

## STANDARD OF REVIEW

"We review Rule 60(b) decisions for abuse of discretion." *Roberts v. Wal-Mart La., L.L.C.*, 54 F.4th 852, 854 (5th Cir. 2022). "It is not enough that granting the motion may have been permissible; instead, denial of relief 'must have been so unwarranted as to constitute an abuse of discretion.'" *Moore v. Tangipahoa Par. Sch. Bd.*, 864 F.3d 401, 405 (5th Cir. 2017) (quoting *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013)). "A district court abuses its discretion 'if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts.'" *Osborne v. Belton*, 131 F.4th 262, 269 (5th Cir. 2025) (quoting *In re Chamber of Com. of the U.S.*, 105 F.4th 297, 311 (5th Cir. 2024)).

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) provides relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "Mistake" under Rule 60(b)(1) covers "all mistakes of law made by a judge" and "factual errors." *Kemp v. United States*, 596 U.S. 528, 534, 536, 142 S. Ct. 1856, 1862–63 (2022).

This court has articulated eight factors that inform its review of Rule 60(b) motion appeals:

(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). These factors aim to strike the balance "between the desideratum of finality and the demands of justice." *Id.*

The Bernhards argue that these factors weigh in their favor. We disagree. Although the liberal construction and timeliness factors favor the Bernhards, more factors weigh against them. First and foremost, they seek to disturb the district court's summary judgment dismissal with prejudice.

The Bernhards also use their motion as a substitute for an appeal. To the extent that they brief why the district court erred in its summary judgment ruling by failing to account for their new evidence pertaining to jurisdiction, they attempt to receive appellate review of a district court ruling not before the court. "[A]n appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996). They also filed their motion after the time to appeal the district court's summary judgment ruling expired. This court "frequently allow[s] Rule 60(b)(1) motions to correct judicial error when the motion was filed *within the time for appeal*" because it "saves the parties and

the court the time and expense of a needless appeal." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (emphasis added). However, "[t]his Court has repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

Also weighing against the grant of Rule 60(b)(1) relief is that the parties' dispute was not dismissed for technical or procedural reasons. For instance, the district court did not issue a default judgment. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998). "Summary judgment is a judgment on the merits." *Id.* Here, the Bernhards were "afforded ample opportunity to present [their] arguments before the district court" at the summary judgment stage. *Hill*, 827 F.2d at 1043. And even if we consider the Bernhards' newly proffered evidence, they essentially repackage, in different verbiage, arguments that the district court and this court previously rejected on the merits when admiralty jurisdiction was found and affirmed. A Rule 60(b)(1) motion is not the vehicle to relitigate facts and arguments that could have been mounted in the original proceeding. It is wholly unsurprising, and no abuse of discretion, that the district court rejected an opportunity to revisit this question based on the Bernhards' presentation on summary judgment.

Finally, the Bernhards seek relief from a district court judgment *in their favor*. Despite prevailing, they appeal only because the district court handed them a victory on what they consider the wrong grounds. The Bernhards fear that they will be repeatedly haled into federal court by trespassing fishermen who will rely on *Thibodeaux v. Bernhard* to establish federal admiralty jurisdiction. These motivations do not demonstrate sufficient prejudice, or outweigh the Bernhards' current victory or their failure to litigate their best case at the outset of the lawsuit.

No. 25-30420

The totality of the *Seven Elves* factors weighs against the Bernhards' position.  Final judgments are not to be lightly disturbed, and the Bernhards have failed to show that the "demands of justice" call for this disruption.  Therefore, the district court did not abuse its discretion by denying the Bernhards' Rule 60(b) motion.

AFFIRMED.