**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2531
_____

DEVON NUNES,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099 267 322)
Immigration Judge:  Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2012

Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed: April 11, 2012)
_____

OPINION
_____

PER CURIAM

Devon Nunes, proceeding pro se, petitions for review of an order of the Board of

1

Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings. We will deny the petition for review.

Nunes is a native and citizen of Jamaica. He entered the United States in 1988 as a non-immigrant student and attended Temple University. Nunes last attended school in 2000. The Department of Homeland Security issued a notice to appear in 2009 charging that Nunes is removable from the United States for failing to comply with the conditions of the status under which he was admitted. Through counsel, Nunes conceded that he is removable. Nunes' lawyer later withdrew from the proceedings and Nunes proceeded pro se. He applied for cancellation of removal.

The IJ denied Nunes' application because he had not made the required showing that his removal would result in exceptional and extremely unusual hardship to a qualifying relative. The IJ granted Nunes voluntary departure. On October 12, 2010, the BIA affirmed the IJ's decision. The BIA did not reinstate the period of voluntary departure because Nunes had not paid the required bond. The BIA thus ordered Nunes' removal. We dismissed Nunes' subsequent petition for review because we lacked jurisdiction to review the BIA's discretionary decision that Nunes failed to show the requisite exceptional and extremely unusual hardship to a qualifying relative for cancellation of removal. See C.A. No. 10-4209.

In March 2011, Nunes filed a motion to reopen his immigration proceedings in order to apply for adjustment of status. Nunes' wife, a United States citizen, had filed a

2

petition for alien relative on his behalf.  Because Nunes filed his motion more than 90 days after entry of his final removal order on October 12, 2010, the BIA denied the motion as untimely.  The BIA also denied Nunes' request that the BIA sua sponte reopen his proceedings, finding no exceptional circumstances in his case.  The BIA explained that it appeared that Nunes was barred from applying for adjustment of status for ten years because he did not post a voluntary departure bond.  Even if not barred, the BIA stated that Nunes has been married since 1996 and he could have pursued adjustment of status earlier.  The BIA noted that Nunes' wife had previously filed a visa petition, but the petition was denied for failure to appear for an interview.  The BIA further stated that Nunes did not explain why he did not try to regularize his status before 2007.  Nunes filed a pro se petition for review.

As a preliminary matter, we deny the Government's motion to dismiss the petition for review for lack of jurisdiction.  The Government is correct that we lack jurisdiction to review the BIA's discretionary decision declining to sua sponte reopen Nunes' immigration proceedings.  Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). Nunes, however, asserts in his brief that the BIA's decision was based on errors of law and we have jurisdiction to consider such arguments.  Id.  We also have jurisdiction to review the BIA's ruling that the motion to reopen was untimely filed.  See Cruz v. Att'y Gen., 452 F.3d 240, 242 (3d Cir. 2006).

Nunes argues in his brief that the BIA declined to sua sponte reopen his

proceedings based on the erroneous belief that it would be futile to do so in light of his failure to post a voluntary departure bond and his resulting ineligibility for adjustment of status. Relying on Mahmood v. Holder, 570 F.3d 466 (2d Cir. 2009), Nunes contends that, to the extent the BIA believed he is barred from adjustment of status, a remand is warranted.[1]

In Mahmood, an alien who was granted voluntary departure filed a motion to reopen his proceedings before the voluntary departure period expired but more than 90 days after the issuance of the final administrative order. The motion was denied as untimely and because the alien was ineligible for adjustment of status based on his failure to depart. The court of appeals concluded that a remand was warranted because the BIA had erroneously assumed the alien was barred from adjustment of status by failing to depart and, on this basis, may have declined to consider whether to sua sponte reopen the proceedings. Mahmood, 570 F.3d at 467.

The present case is distinguishable from Mahmood. The BIA noted in its decision that it appeared Nunes is barred from obtaining adjustment status, but ruled that, even if he is not barred, he did not show exceptional circumstances warranting sua sponte reopening. As noted above, the BIA explained Nunes had been married to his wife since 1996 and he had not sufficiently addressed why he had not already pursued or obtained

[1]Nunes cites Mahmood v. Holder, 562 F.3d 118 (2d Cir. 2009), in his brief, but that decision was withdrawn and replaced with Mahmood v. Holder, 570 F.3d 466 (2d Cir. 2009).

4

adjustment of status. Unlike in Mahmood, where the court found it unclear whether the agency declined to reopen sua sponte because it believed doing so would be futile, the BIA found Nunes had not shown exceptional circumstances warranting reopening sua sponte, assuming Nunes was not barred from obtaining adjustment of status.[2]

Nunes also argues that the BIA denied sua sponte reopening based on an erroneous belief that he is ineligible for adjustment of status due to the denial of an earlier petition for alien relative filed on his behalf. Nunes asserts that eligibility for adjustment of status is not precluded by the denial of an earlier visa petition as a matter of law. The BIA's decision, however, does not reflect that the BIA believed Nunes was ineligible for adjustment of status based on the denial of the earlier visa petition. The BIA merely noted the fact that an earlier visa petition had been denied in addressing Nunes' explanations for failing to obtain adjustment of status earlier.

Nunes further asserts that he was unaware that he was required to file his motion to reopen within 90 days of the final administrative order in his case and that he believed he had to pursue his appellate remedies before filing such a motion. To the extent Nunes' assertion can be construed as an argument that the 90-day period for filing a motion to reopen should be equitably tolled, Nunes did not seek equitable tolling before the BIA.

---

[2]The Government also argues in its brief that Mahmood does not apply because the alien in that case filed a motion to reopen before the voluntary departure period expired and Nunes did not. In light of the BIA's ruling that sua sponte reopening is not warranted even if adjustment of status is not barred, it is unnecessary to address this argument or Nunes' argument that he is not barred from adjustment of status based on his failure to post a bond.

Moreover, equitable tolling applies when a petitioner has in some extraordinary way been prevented from asserting his rights. Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). A petitioner's pro se status and lack of knowledge generally do not warrant equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Although Nunes also states that limited access to the law library and difficulties with his mail may have contributed to his late filing, his brief reflects that he did not intend to pursue a motion to reopen until the United States Supreme Court denied certiorari in his underlying proceedings.[3]

Finally, to the extent Nunes asserts in his brief that errors occurred in his underlying proceedings, such arguments are not properly before us. We also do not consider for want of jurisdiction Nunes' challenge to the BIA's factual finding that he did not try to regularize his status before 2007, which relates to its discretionary decision to deny sua sponte reopening, or his claim for nunc pro tunc relief, which he did not raise before the BIA.

Accordingly, the petition for review will be denied. The Government's motion for expedited consideration is denied.

---

[3]We do not consider Nunes' additional arguments regarding equitable tolling presented for the first time in his reply brief. Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 269 n.10 (3d Cir. 2009).