NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1876
_____

DEVON NUNES, Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-267-322)
Immigration Judge:  Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: March 1, 2024)
_____

OPINION*

_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Devon Nunes, a citizen of Jamaica, has filed a pro se petition for review of a decision of the Board of Immigration Appeals ("BIA") denying his fourth motion to reopen his immigration proceedings. We will deny the petition for review.

The Department of Homeland Security initiated removal proceedings against Nunes in 2009. Nunes conceded that he had failed to comply with the conditions of his admission as a non-immigrant student and that he was removable. An Immigration Judge denied Nunes's application for cancellation of removal because he did not establish the requisite hardship to a qualifying relative. The BIA affirmed, and we dismissed Nunes's petition for review for lack of jurisdiction. See C.A. No. 10-4209, 12/23/10 Order.

In 2011, the BIA denied as untimely Nunes's motion to reopen his proceedings in order to apply for adjustment of status based on his marriage to a United States citizen. It also ruled that reopening sua sponte was not warranted. We denied Nunes's petition for review. Nunes v. Att'y Gen., 475 F. App'x 427, 430 (3d Cir. 2012) (per curiam).

In 2018, Nunes, through counsel, filed a motion to reopen, reconsider, and terminate his proceedings. The BIA ruled that the motion was time- and number-barred. It rejected his argument that the IJ lacked jurisdiction over his proceedings under Pereira v. Sessions, 138 S. Ct. 2105 (2018), because his notice to appear did not specify the time and date of his initial hearing.[1] We denied Nunes's petition for review. See C.A. No. 19-3761, 2/6/20 Order; see also Nkomo v. Att'y Gen., 930 F.3d 129, 133 (3d Cir. 2019)

---

[1] Pereira, 138 S. Ct. at 2113-14, held that where a notice to appear does not include the time and place of the hearing, it does not "trigger the stop-time rule," and continuous physical presence required for cancellation of removal continues to accrue.

2

(rejecting jurisdictional argument).

In 2020, Nunes filed another counseled motion to reopen, reconsider, and terminate his proceedings. The BIA ruled that the motion was time- and number-barred and rejected his argument that the IJ lacked jurisdiction under Guadalupe v. Attorney General, 951 F.3d 161 (3d Cir. 2020).[2] It found no basis to reopen his case sua sponte.[3] We denied Nunes's petition for review. See C.A. No. 22-2130, 1/6/23 Order.

Meanwhile, in November 2022, Nunes filed a pro se motion to reopen, reconsider and terminate his proceedings asserting that counsel had failed to argue in his third motion to reopen that he had become eligible for adjustment of status. He stated that a ten-year bar that the BIA had ruled might apply in denying his first motion to reopen (because he had failed to file a voluntary departure bond) had expired. He also stated that, under Guadalupe, the stop-time rule was not triggered, that he had again accrued ten years of continuous physical presence, and that he was thus eligible for discretionary relief. On May 2, 2023, the BIA denied the motion as time- and number-barred and declined to reopen sua sponte. Nunes petitions for review.[4]

As discussed further below, we lack jurisdiction to review the BIA's denial of Nunes's motion to reopen sua sponte. See Park v. Att'y Gen., 846 F.3d 645, 650-51 (3d

---

[2] Guadalupe, 951 F.3d at 164, held that, for purposes of the stop-time rule, a notice of hearing does not cure a notice to appear that omitted the time and place of the hearing. Guadalupe abrogated Orozco-Velasquez v. Attorney General, 817 F.3d 78 (3d Cir. 2016).

[3] Because Nunes did not receive the BIA's September 14, 2020, decision, the BIA reissued it on May 17, 2022, to be treated as if issued on that date.

[4] Nunes was removed on March 30, 2023.

Cir. 2017). We otherwise have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a). Darby v. Att'y Gen, 1 F.4th 151, 159 (3d Cir. 2021). We review the decision for an abuse of discretion and will not disturb it unless it is arbitrary, irrational, or contrary to law. Id.

The BIA correctly determined that Nunes's motion to reopen was time- and number-barred and that he did not establish that an exception to these limitations applied. A noncitizen may file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The motion to reopen at issue is Nunes's fourth. His final removal order was issued in 2010, and he did not file this motion to reopen until 2022.[5] While there are exceptions to these requirements, see 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv), 8 C.F.R. § 1003.2(c)(3), they are not applicable here.

Nunes argues that the time and number limitations should be equitably tolled because counsel failed to argue in his third motion to reopen that he had become eligible for adjustment of status. "The time limit for filing a motion to reopen is subject to equitable tolling, and perhaps the numerical limit is as well." Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam). Ineffective assistance of counsel can be a basis for equitable tolling. Id. We agree with the Government, however, that Nunes's ineffective assistance of counsel argument is a non-starter because his third motion to reopen was also time- and number-barred, and his claim that he had become eligible for

---

[5] Nunes's motion is also labeled a motion to reconsider. This motion is also time- and number-barred. See 8 U.S.C. § 1229a(c)(6)(A),(B).

4

adjustment of status does not implicate an exception to these limitations.

Nunes also has not shown that the time and number requirements would have been equitably tolled had counsel raised his eligibility for adjustment of status in his third motion. Even if a ten-year bar on his eligibility had expired, and he satisfied other eligibility requirements, the BIA ruled in denying Nunes's first motion to reopen sua sponte that, if relief were not barred, he could have pursued adjustment of status earlier. Nunes, 475 F. App'x at 428. Nunes has been married since 1996. Nunes may be correct that the BIA failed to address his equitable tolling argument in denying his latest motion to reopen, but, under the circumstances of this case, any error was harmless. See Nkomo v. Att'y Gen., 986 F.3d 268, 272 (3d Cir. 2021) (requiring a noncitizen to pursue his rights diligently to be entitled to equitable tolling); Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (holding harmless error applies in immigration cases).[6]

Nunes also challenges the BIA's decision to deny his motion to reopen sua sponte. Because such decisions are discretionary and "'functionally unreviewable,'" we generally lack jurisdiction to review them. Darby, 1 F.4th at 164 (quoting Park, 846 F.3d at 651). Nunes argues that the BIA's decision is insufficient to allow for meaningful appellate review. However, the BIA stated that it reviewed the evidence Nunes had submitted and that the circumstances were not exceptional. This discretionary ruling is outside our jurisdiction. We have jurisdiction where the BIA relied on an incorrect legal premise or

---

[6] Nunes also has not shown that equitable tolling was warranted based on the change in law in Guadalupe. Nunes's earlier application for cancellation of removal was not denied based on a failure to establish continuous physical presence. And he now seeks to apply for adjustment of status, not cancellation of removal.

departed from a settled practice. See id. Nunes does not argue that the BIA departed from a settled practice. And to the extent he contends that reopening sua sponte was due under Guadalupe, he has not shown legal error or that Guadalupe is implicated here.

Finally, Nunes asserts that the BIA failed to address his separate filing asking it to administratively close his removal proceedings so that he could apply for a waiver and an adjustment of status. Administrative closure is a tool used to remove cases from an IJ's or the BIA's active docket. Arcos Sanchez v. Att'y Gen., 997 F.3d 113, 116-17 (3d Cir. 2021). It may be used when there is a pending alternative resolution of a case or an event that might affect the outcome. Id. at 117. Nunes has not shown that relief is due based on his request for administrative closure. As the Government argues, Nunes's removal proceedings were already closed, and because the BIA denied his motion to reopen, they remain closed.

Accordingly, we will deny the petition for review.